# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| BRANDON WALKER, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN & MORGAN, JACKSONVILLE PLLC, a/k/a MORGAN & MORGAN, JACKSONVILLE LLC, and BRAD MILKWICK,<br><br>Defendants. | Case No.<br><br>CV224-088 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Morgan & Morgan, Jacksonville, PLLC ("Morgan and Morgan") and Brad Milkwick hereby remove this action from the Superior Court of Glynn County, Georgia, to the United States District Court for the Southern District of Georgia, Brunswick Division. As set forth below, this Court has jurisdiction over this case, and the procedural requirements of removal have been satisfied. In support of this Notice of Removal, Defendants state as follows:

### Procedural History and Background

1. On June 20, 2024, Plaintiff Brandon Walker filed his Complaint against

Morgan and Morgan and Brad Milkwick in the Superior Court of Glynn County, Georgia, Civil Action No. CE24-00694 (the "State Court Action"). True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit 1**.

2. On June 26, 2024, Defendants accepted service of the Complaint, effective June 26, 2024. (Ex. 1, Acknowledgement of Service.)

## Grounds For Removal

3. Pursuant to 28 U.S.C. § 1332(d), known as the Class Action Fairness Act ("CAFA"), this Court has diversity jurisdiction over this action because Walker himself alleges that (i) "there are **hundreds**, **if not thousands**, of members of the proposed Class[,]" (ii) "aggregate damages sustained by the Class are **well in excess of five-million dollars** ($5,000,000.00)[,]" and (iii) minimum diversity exists amongst the parties. (Ex. 1, Complaint at ¶¶ 2, 28, 37 (emphasis added).)

4. The CAFA "provides that the district courts 'shall have original jurisdiction' over class actions that have [(i)] at least 100 members, [(ii)] an amount-in-controversy exceeding $5 million, and [(iii)] minimal diversity between the parties (that is, any member of the proposed class must be a citizen of a state different from any defendant)." *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020) (quoting 28 U.S.C. § 1332(d)).

5. With respect to the first numerosity requirement, the Complaint pleads

2

a class of "hundreds, if not thousands" of class members. (Ex. 1, Complaint at ¶ 28.) Moreover, "the possibility that there are fewer than 100 members of [a] class, does not divest the federal courts of subject matter jurisdiction under the CAFA. *See* 28 U.S.C. § 1332(d)(5)(B). Even if it were later found that [a] narrowed … class number[ed] fewer than 100, the § 1332(d)(5)(B) limitation applies only to 'proposed' plaintiff classes (as opposed to classes actually certified or that go to trial); jurisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009).

6. Regarding the amount-in-controversy requirement, the Complaint pleads damages "well in excess of five-million dollars ($5,000,000.00)." (Ex. 1, Complaint at ¶ 37.) Since the "jurisdictional amount is . . . stated clearly on the face of the documents before the court . . . the court has jurisdiction." *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n. 8 (11th Cir. 2010) (*per curiam*) (quotation omitted).

7. Minimal diversity exists here. Walker is a citizen of Georgia. (Ex. 1, Complaint at ¶ 1.) Walker also insists that the other putative class "[m]embers are widely dispersed throughout Georgia." (Ex. 1, Complaint at ¶ 2.) He does not allege that any putative class member resides in any other state. On the other side of the

3

ledger—while Milkwick is also a citizen of Georgia—Morgan and Morgan is a Florida Professional Limited Liability Company with its principal place of business in Florida.[1] Accordingly, Morgan and Morgan is considered a citizen of Florida and Florida alone.[2] That means at least one class member (Walker) is a citizen of a State (Georgia) different than Morgan and Morgan (Florida). Minimum diversity is satisfied.

8. The Southern District of Georgia, Brunswick Division is the federal judicial district and division embracing Glynn County, Georgia, where the State Court Action was originally filed. *See* 28 U.S.C. § 90(a)(2). Venue is therefore proper in this District and Division pursuant to 28 U.S.C. § 1441(a).

### The Procedural Requirements for Removal Have Been Satisfied

9. Pursuant to 28 U.S.C. § 1441, *et seq.*, this case is properly removable.

10. Defendants file this Notice of Removal within 30 days of receiving service of the Summons and Complaint. *See* Ex. 1, Complaint at p. 1 (file-stamp date of June 20, 2024). Removal is therefore timely. *See* 28 U.S.C. § 1446(b).

---

[1] Walker's Complaint alleges that Morgan and Morgan "is a foreign limited liability company currently registered to do business in Georgia." Ex. 1, Complaint at ¶ 2. So even he admits that Morgan and Morgan is not a citizen of Georgia, conceding the existence of minimum diversity.

[2] For purposes of CAFA jurisdiction, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

11. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on Plaintiff and file the same with the Clerk of the Superior Court of Glynn County, Georgia in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the removal notice to be filed with the Clerk of the Superior Court of Glynn County, State of Georgia is attached hereto as Exhibit 2.

## Non-Waiver of Defenses

12. By removing this action, Defendants do not admit any of the allegations contained in Plaintiff's Complaint. Nor do Defendants waive any defenses available to them in this action, including without limitation, defenses available under Federal Rule of Civil Procedure 12(b). Defendants also reserve the right to compel this action to arbitration upon removal, and by removing this action do not intend to waive that right.

## Conclusion

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and on the foregoing bases, Defendants remove the above-captioned action from the Superior Court of Glynn County, Georgia to the United States District Court for the Southern District of Georgia, Brunswick Division.

Respectfully submitted this 19th day of July, 2024.

                         **BRADLEY ARANT BOULT CUMMINGS LLP**

                         */s/ Rachel Bramblett*
                         Rachel Bramblett
                         Georgia Bar No. 896738

Promenade Tower
1230 Peachtree Street NE,
20th Floor
Atlanta, GA 30309
(404) 868-2100
rbramblett@bradley.com                       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2024, I served a copy of the foregoing **NOTICE OF REMOVAL** on counsel for all parties by U.S. Mail and e-mail as follows:

>Brent J. Savage
>James H. Wilson, III
>Matthew R. Bradley
>**SAVAGE, TURNER, PINCKNEY, SAVAGE, & SPROUSE**
>Post Office Box 10600
>Savannah, Georgia 31412
>bsavage@savagelawfirm.net
>jwilson@savagelawfirm.net
>mbradley@savagelawfirm.net
>
>Nathan T. Williams
>Paul A. Schofield
>**WILLIAMS LITIGATION GROUP**
>1709 Reynolds Street (31520)
>P.O. Box 279
>Brunswick, Georgia 31521
>nathan@williamslg.com
>
>Mark A. Tate
>Andrew Zemany
>**TATE LAW GROUP, LLC**
>25 Bull Street, Suite 200
>Savannah, GA 31401
>(912) 234-3030
>marktate@tatelawgroup.com
>azemany@tatelawgroup.com

This 19th day of July, 2024.

                        **BRADLEY ARANT BOULT CUMMINGS LLP**

                        */s/ Rachel Bramblett*
                        Rachel Bramblett
                        Georgia Bar No. 896738

Promenade Tower
1230 Peachtree Street NE,
20th Floor
Atlanta, GA 30309
(404) 868-2100
rbramblett@bradley.com                         *Counsel for Defendants*