# EXHIBIT 1

## Case Information

### Brandon Walker vs. Brad Milkwick, Morgan & Morgan Jacksonville, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC

CE24-00694

Location
Glynn - Superior Court

Case Category
Civil

Case Type
Legal Malpratice

Case Filed Date
6/20/2024

Judge
Kelley, Stephen D.

Case Status
Open (Active)

## Parties ③

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | Brandon Walker | | Brent J Savage |
| Defendant | Morgan & Morgan Jacksonville, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC | | Justin P Gunter, William J Holley, II |
| Defendant | Brad Milkwick | | Justin P Gunter, William J Holley, II |

## Events ⑨

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 6/20/2024 | Filing | Summons | Summons - Brad Milkwick | 🔒 Summons-Brad Milkwick.pdf |
| 6/20/2024 | Filing | Complaint | Complaint | 🔒 Complaint (final) - FOR FILING.pdf |
| 6/20/2024 | Filing | Summons | Summons - Morgan & Morgan Jacksonville PLLC aka Morgan & Morgan Jacksonville, LLC | 🔒 Summons-M&M Jax.pdf |
| 6/20/2024 | Filing | Notice | 3.2 Certification | 🔒 3.2 Certification-FOR FILING.pdf |
| 6/20/2024 | Filing | Notice | Civil Cover Sheet | 🔒 Civil Action Cover Sheet.pdf |
| 6/24/2024 | Filing | Motion | Motion to Appoint Process Server | 🔒 motion - appoint process server (poncinie) FOR FILING.pdf, 🔒 proposed order - appoint process server (poncinie) FOR FILING.pdf |
| 6/24/2024 | Filing | Motion | Amended Motion to Appoint Process Server | 🔒 motion - appoint process server (poncinie) - AMENDED - FOR FILING.pdf, 🔒 proposed order - appoint process server (poncinie) AMENDED - FOR FILING.pdf |
| 6/25/2024 | Filing | Order | Order Appointing Special Process Server | 🔒 Order.pdf, 🔒 svc confirmation.pdf |
| 6/27/2024 | Filing | Other | Acknowledgment of Service | 🔒 Acknowledgment of Service - Signed 6-26-24.pdf |


EMPOWERED BY
TYLER TECHNOLOGIES

FILED - JH
GLYNN CO. CLERK'S OFFICE
Filed 6/20/2024 3:28 PM
Accepted 6/21/2024 9:32 AM
CASE #  CE24-00694

*Rebecca J Walden*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

BRANDON WALKER, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

v.

MORGAN & MORGAN,
JACKSONVILLE PLLC, a/k/a Morgan &
Morgan Jacksonville, LLC, and
BRAD MILKWICK,

        Defendants.

CIVIL ACTION NO._____  CE24-00694

JUDGE KELLEY

JURY TRIAL DEMANDED

---

## COMPLAINT

COMES NOW, Plaintiff Brandon Walker, Individually and on Behalf of Other Plaintiffs Similarly Situated, by and through their counsel Savage & Turner, P.C., Williams Litigation Group and Tate Law Group, LLC, and files this Complaint against Defendants Morgan & Morgan, Jacksonville, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC, and Brad Milkwick, showing this honorable Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.    Plaintiff **Brandon Walker** (hereinafter "Walker") is citizen of Glynn County, Georgia. Walker brings this case individually and seeks to represent the former clients of Defendant Morgan & Morgan, Jacksonville, PLLC a/k/a Morgan & Morgan Jacksonville, LLC, who signed representation agreements with the entity, pursued legal actions with

-1-

Defendant Morgan & Morgan Jacksonville, PLLC a/k/a Morgan & Morgan Jacksonville, LLC as counsel, and Morgan & Morgan, Jacksonville, PLLC a/k/a Morgan & Morgan Jacksonville, LLC were paid fees and expenses for legal services under their fee contracts.

2.   Defendant **Morgan & Morgan, Jacksonville PLLC a/k/a Morgan & Morgan Jacksonville, LLC** (hereinafter "Morgan & Morgan Jax") is a foreign limited liability company currently registered to do business in Georgia with an office at 777 Gloucester Street, Suite 400, Brunswick, Georgia. Defendant is subject to the jurisdiction of this court. Defendant Morgan & Morgan Jax may be served through its registered agent, Registered Agent Solutions Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.  At the times the fee contract at issue were entered into by the putative class, Morgan & Morgan Jax had not registered to do business in Georgia.

3.   Defendant **Brad Milkwick** is an adult citizen and resident of Glynn County, Georgia. Upon information and belief, he may be served with process at 106 Pintail Ct., Brunswick, GA 31523.

4.   Venue is proper in this Court pursuant to the 1983 Constitution of Georgia, Art. VI, §§ 2, Para. IV and VI and O.C.G.A. §§ 9-10-31 in that it is alleged the at least one of the defendants is a resident of Glynn County and Morgan & Morgan Jax has an office located in Glynn County, transacts business in Glynn County, and tortious acts and/or omissions occurred within the confines of Glynn County.

5.   Jurisdiction is proper in this Court.

-2-

## II. FACTUAL ALLEGATIONS

6.   Plaintiff re-alleges and incorporates herein each and every allegation of all preceding paragraphs as if fully restated herein.

7.   On June 21, 2022 Plaintiff was seriously injured when his sheriff's deputy cruiser was rear-ended by a vehicle traveling at 114 mph on I-95 as Plaintiff was performing his normal duties (See Police Report attached as Exhibit "A").

8.   The driver of the car traveling 114 mph, Melvin Lewis, was injured in the rear-end wreck. Plaintiff was airlifted for emergency treatment of his severe injuries (The 114 mph speed of Mr. Lewis was estimated by the Georgia State Patrol).

9.    Melvin Lewis was insured by State Farm Insurance Company.  As a result of Mr. Lewis' reckless and negligent behavior, Plaintiff sustained severe physical, mental and emotional injuries, with medical expense totaling no less than $50,000.00.  He was hospitalized and had to miss numerous days of work.  His physical injury to his back is permanent.

10.   State Farm's insurance adjuster handling the claim contacted Plaintiff and stated they wanted to pay him the limits of the Melvin Lewis' insurance coverage of $25,000 but needed the name of a lawyer representing Walker's interests,

11.   Plaintiff hired Morgan & Morgan Jax, as a result of that call, to represent his interests as they related to this wreck.

12.   When Plaintiff called Defendant Morgan & Morgan Jax's 800 number (as seen on billboards all across southern Georgia), he was told his case would be handled out of their Brunswick office located at 777 Gloucester Street.

CE24-00694

13.     Patrick Powell was the attorney in Defendant Morgan & Morgan Jax's Brunswick office
        assigned to Plaintiff's case.  Throughout his case, Plaintiff had very little contact with
        him. Plaintiff actually had very little contact with any lawyer from Defendant Morgan &
        Morgan Jax.

14.     Plaintiff was told Defendant Milkwick in the Savannah office would handle his
        workman's compensation claim.

15.     In a less than five minute phone conversation Plaintiff was told by Defendant Milkwick
        that he would have to quit his job with the McIntosh Sheriff's Department to be entitled
        to workman's compensation.  Under those false premises given to Plaintiff Walker for
        making a workers compensation claim, he said he would never do that.  No other effort
        was made by Defendant Milkwick to understand Plaintiff's situation or help in regard to a
        workman's compensation claim – it was literally one extremely short phone call.

16.     In fact, this advice breached the standard of care.  By not filing a worker's compensation
        notice, Morgan & Morgan Jax relied upon Brandon Walker's group health insurance
        coverage to pay his medical bills from the wreck.  Unlike a worker's compensation
        insurance carrier who had a right of reimbursement, if and only if Brandon Walker was
        fully compensated for his injuries, the group health insurance carrier for McIntosh County
        asserted a "right" for total reimbursement of the claims paid.  Morgan & Morgan Jax paid
        this reimbursement of $17,318.78.  Had they properly advised Mr. Walker these funds
        would not be due and the comp carrier would have paid them, no reimbursements would
        have been required under the full compensated pre-requisite for repayment of the comp
        lien.  (See Affidavits of Bruce Edwards and Brandon Walker, attached respectively as

-4-

Exhibits "B" and "C")

17.   Additionally, by giving improper advice counseling not to file a worker's compensation claim for Brandon Walker's on the job injury, Morgan & Morgan Jax has exposed Brandon Walker to hundreds of thousands of dollars in future medical bills.  Brandon Walker has permanent back problems.  He will need back surgery in the future.  This surgery will not be covered under his worker's compensation insurance.  ( There is a very real possibility Brandon Walker will need to retire from police work and will have no insurance to pay for these extensive medical bills.

18.   Defendant Morgan & Morgan Jax's staff was given a copy of Plaintiff's personal policy with State Farm and found there was $100,000 in uninsured motorist coverage and therefore made a claim thereunder.

19.   Upon information and belief, the officer investigating the wreck commented that the at-fault driver "had to be intoxicated," no reasonable effort was made by Defendant Morgan & Morgan Jax to explore other possible sources of compensation for Plaintiff's injuries. In fact, any proper investigation would have shown Lewis was a severe diabetic and had, in fact, had a one-car incident in McIntosh County several weeks earlier as a result of diabetic medication complications. Despite this, upon information and belief, his medical providers never advised him against driving.

20.   Additionally, Morgan & Morgan Jax did not properly explore whether there were any assets in Mr. Lewis' estate to pay above insurance limits, which were only $25,000.00.

21.   At the time of their signing a contract of representation of Plaintiff, Brandon Walker Defendant Morgan & Morgan Jax was not qualified or registered to do business in

Georgia in violation of O.C.G.A. § 14-11-711.  Defendant Morgan & Morgan Jax could not carry out its contractual obligations to Plaintiff as it was not qualified or registered with this State.  Therefore, the collection of any fees and expenses contemplated in the unenforceable fee contract was wrongful, and Plaintiff is entitled to the return of such money taken by Defendant Morgan & Morgan Jax.

22.   As a result of Defendants' mishandling of Plaintiff's case, Plaintiff has been injured and has suffered damage for which he is entitled to recover.

### III.  CLASS ACTION ALLEGATIONS

23.   Plaintiff re-alleges and incorporates herein each and every allegation of all preceding paragraphs as if fully restated herein.

24.   Plaintiff seeks to bring this case as a class action under O.C.G.A. § 9-11-23 on behalf of himself and the following class.

25.   All individuals who:

(a)   entered into a contract of representation in Georgia with Defendant Morgan & Morgan Jax prior to Defendant registering with the Georgia Secretary of State on April 27, 2023;

(b)   were represented by Defendant Morgan & Morgan Jax in litigation and/or pre-litigation processes, including but not limited to settlement discussions;

(c)   had their case(s) resolved prior to or on the date of the class certification; and

(d)   paid Defendant Morgan & Morgan Jax's legal expenses and fees in relation to their case(s).

26.   Defendant Morgan & Morgan Jax was not registered to do business in the State of

Georgia until April 27, 2023.  (See Georgia Secretary of State Registration, attached

hereto as Exhibit "D").  Prior to that date, Defendant transacted business and practiced

law in this state in several offices, including the office located at 777 Gloucester Street,

Suite 400, Brunswick, Georgia.

27.     Pursuant to Georgia law, "[a] foreign limited liability company transacting business in

this state may not maintain an action, suit, or proceeding in a court of this state until it is

authorized to transact business in this state." O.C.G.A. § 14-11-711(a).  Therefore,

Defendant could not legally carry out its obligations and duties under the subject fee

contracts with the class members, and thus had no right to collect fees and expenses.  This

inability to carry out its obligations and duties under these fee contracts is based on

Morgan & Morgan Jax's status as counsel to the putative class members and Mr. Walker,

who were maintaining their actions, suits, and/or proceedings through Morgan & Morgan

Jax.

28.     The members of the Class are so numerous that joinder of all of them is impracticable.

Members are widely dispersed throughout Georgia.  Plaintiff, on information and belief,

understands that there are hundreds, if not thousands, of members of the proposed Class.

While the exact size of the proposed class is not fully known to Plaintiff at this time, it

can be obtained from Defendant Morgan & Morgan Jax's records.  O.C.G.A. § 9-11-

23(a)(1).

29.     Defendant Morgan & Morgan Jax treated all similarly situated clients the same way it

treated Plaintiff.  Morgan & Morgan Jax was not authorized to bring or maintain any

legal actions in Georgia.  As it possessed a contingent and direct financial interest in the

outcomes of the cases brought by Class Members, its actions in representing Class

Members was prohibited and illegal.  As a result, all Class Members suffered the same

harm.

30.     Class claims arise from the same practices, procedures, and actions, and are based on the

same legal theories as those of Plaintiff.  As a result, Plaintiff's contentions are common

to those of the Class, and capable of class-wide resolution.

31.     Questions of law and/or fact common to all members of the Class, include, *inter alia*:

   (a)     whether Morgan & Morgan Jax could bring claims (actions) or lawsuits on a

           contingent basis where it was prohibited from doing so by way of failing register

           with the Georgia Secretary of State;

   (b)     Whether Morgan & Morgan Jax, with it bringing claims, actions and/or lawsuits

           on behalf of Walker and the putative class, is doing so improperly, since it has a

           contingent interest in the claim and, therefore, is bringing the claims on behalf of

           itself, in part;

   (c)     whether, as a result, Plaintiff and the Class are entitled to an award of

           compensatory damages;

   (d)     whether, as a result, Plaintiff and the Class are entitled to an award of punitive

           damages;

   (e)     whether Plaintiff and the Class are entitled to declaratory, injunctive, or other

           equitable relief compelling Morgan & Morgan Jax to disgorge the improperly

           collected fees and any improperly collected expenses.

32.     These common questions will generate common answers apt to drive the resolution of

litigation. In fact, when these common questions are resolved as to Plaintiff, they will be resolved as to all Class members. O.C.G.A. § 9-11-23(a)(2).

33. The claim of the Plaintiff is typical to the claims of the class. Plaintiff has a claim against Defendant Morgan & Morgan Jax for the unlawful conduct and practices described herein. His claim has the same essential characteristics as the claims of the Class as a whole, arise from the same course of conduct, and are based on identical legal and remedial theories. O.C.G.A. § 9-11-23(a)(3).

34. Plaintiff will fairly and adequately assert and protect the interest of the Class. He has no conflict with Class Members and seeks the same relief. Plaintiff has retained competent counsel, experienced in the prosecution and successful resolution of class actions. O.C.G.A. § 9-11-23(a)(4). (Savage & Turner, P.C.; Williams Litigation Group; Tate Law Group, LLC)

35. Furthermore, this suit is maintainable as a class action pursuant to O.C.G.A. § 9-11-23(b)(3). The common questions of law and fact herein predominate over any questions affecting only individual members. Additionally, a class action is superior to all other methods available for the fair and efficient adjudication of this controversy.

36. By prevailing on his own claims, Plaintiff will necessarily establish Defendant Morgan & Morgan Jax's liability on the claims of all members of the Class. Furthermore, damages will be determined by using common methodology for determining damages and disgorgement of fees.

37. While aggregate damages sustained by the Class are well in excess of five-million dollars ($5,000,000.00), the damages suffered by specific individual Class members may be

small relative to the complexity of litigation. As a result, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for every Class Member to separately seek redress.

38. Even if Class Members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. By contrast, a class action presents few if any management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court. Existing issues can be resolved by a single jury in a fair and efficient manner. O.C.G.A. § 9-11-23(b)(3).

39. Class certification, therefore, is also warranted under O.C.G.A. § 9-11-23(b)(2). Because Morgan & Morgan Jax has acted, or refused to act, on grounds generally applicable to the Class, it is appropriate to grant final injunctive relief and corresponding declaratory relief to the Class as a whole.

40. Lastly, the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendant Morgan & Morgan Jax. Adjudications with respect to individual Class Members would be, as a practical matter, dispositive of the interests of other Class Members who are not parties to the adjudication and may impair and impede their ability to protect their interests. O.C.G.A. § 9-11-23(b)(1).

## IV. CAUSES OF ACTION

### *Count I: Professional Negligence*

41. Plaintiff re-alleges and incorporates herein each and every allegation of all proceeding paragraphs as if fully restated herein.

42. At all times relevant herein, Defendant Morgan & Morgan Jax was a law firm practicing in Georgia.  However it was not registered to transact business in the State of Georgia at all times material hereto.

43. At all relevant times, Defendant Milkwick was a licensed attorney practicing in the State of Georgia.

44. Defendants held themselves out to the public generally, and to the Plaintiff specifically, as being competent to provide legal advice and representation to Plaintiff in regard to his wreck with Melvin Lewis. Some examples of their advertisements are attached hereto as Exhibit "E".

45. Defendants are charged with having a duty to exercise a reasonable degree of care and skill.

46. Defendants breached their duty to exercise a reasonable degree of skill by informing the Plaintiff if he filed a worker's compensation claim he would lose his job.  They further breached this duty by failing to advise Mr. Walker he had a one year statute of limitations within which to file his workers comp claim.

47. Defendants breached this duty and failed to adhere to the standard of care generally employed in the legal profession under similar conditions and like circumstances by failing to legally represent Plaintiff's and Class Members' interest and acquire

-11-

reasonable/adequate compensation.

48.   Defendant Morgan & Morgan Jax also breached this duty by entering into a contract with Plaintiff and the putative class and claiming 40% ownership of all recoveries.  Despite being prohibited from bringing and maintaining legal actions in Georgia, Defendant Morgan & Morgan Jax was in fact initiating and maintaining actions, suits, and/or proceedings in furtherance of its *de facto* joint-venture with Plaintiff and Class Members and wrongfully collecting fees and expenses, diminishing the recovery received by Plaintiff and the putative class.

49    These failures constitute professional negligence and have caused harm to Plaintiff (See affidavit of Bruce Edwards, Esq. attached hereto as Exhibit "B", which sets forth at least one negligent act/omission of the Defendants as required by O.C.G.A. §9-11-9.1).

50.   As a result of Defendants' breach of the standard of care, Plaintiff and the putative Class has suffered substantial damages and harm.

### Count II: Breach of Fiduciary Duty

51.   Plaintiff re-alleges and incorporates herein each and every allegation of all preceding paragraphs as if fully restated.

52.   Defendants owed their client a fiduciary duty at all times material hereto.

53.   Defendants breached their fiduciary duty owed to Plaintiff and the members of the putative class, by not informing their clients of the following:

   a.   Morgan & Morgan Jax was not registered to do business in Georgia at the relevant times;

   b.   Morgan & Morgan Jax was a Florida PLLC and, as a law firm, it was required

-12-

Morgan & Morgan Jax have Florida barred managing partner(s), which it did not in its Brunswick and Savannah offices.

54. Plaintiff was damaged and suffered injuries as a result of Defendants' unauthorized practice of law, as shown above.

55. As a result of various breaches of fiduciary duties owed to him, Plaintiff suffered injuries and damages for which he is entitled to recover.

### Count III: Disgorgement of Fees

56. Plaintiff re-alleges and incorporates herein each and every allegation of all preceding paragraphs as if fully restated.

57. Plaintiff and Class Members each filed a lawsuit for damages or brought claims through Defendant Morgan & Morgan Jax.  At the time Plaintiff and Class Members entered into a representation/fee agreement, Morgan & Morgan Jax was not qualified to transact business in Georgia, which includes bringing such claims and lawsuits.  (See O.C.G.A. § 14-11-711) (supra).

58. Furthermore, Defendant Morgan & Morgan Jax, at the times of bringing Plaintiff's and Class Member's claims, it also had partners, managers, etc. that were not licensed to practice in Florida, which meant they were also in violation of Florida Bar Rules, its state of incorporation.  (See Fla. Bar Rule 4-8.6 - Authorized Business Entities).

59. Plaintiff and Class Members, as defined herein, are entitled to the disgorgement of fees and certain expenses paid to Defendant Morgan & Morgan Jax.  Defendant had no right to collect such fees or expenses, and it should therefore be required to relinquish the ill-gotten gains.

### Count III: Final and Declaratory/Injunctive Relief

60    Plaintiff re-alleges and incorporates herein each and every allegation of all preceding paragraphs as if fully restated.

61.   Defendants are charged with knowing the law of Georgia.  The law in this State prohibits entities from bringing and maintaining civil suits if they are not registered to transact business in this State with the Georgia Secretary of State.  The law firm of Morgan & Morgan Jax had no legal ability to bring or maintain either Walker's third party tort action or workers comp case, prior to registering to do business in Georgia.

62.   Defendant Morgan & Morgan Jax did not register to do business in this Georgia until after it was mentioned in the lawsuit <u>Brown v. Morgan & Morgan Atlanta, PLLC,</u>et al., Civil Action No. STCV23-00433, State Court of Chatham County.

63.   Morgan & Morgan Jax, as to Plaintiff and the Class, uniformly brought claims and/or lawsuits in which it had a 40% interest and ownership by way of the contracts formed with Plaintiff and Class Members.  From the inception of these representations, Defendant Morgan & Morgan Jax brought/maintained claims and lawsuits in violation of Georgia law and impermissibly collected fees and expenses pursuant to illegal contracts.

64.   As a result, Defendants should be estopped from maintaining pending lawsuits, advising clients against bringing lawful worker's compensation claims, and should disgorge all fees and certain expenses collected pursuant to the aforementioned illegal representation agreements.  Plaintiffs seek declaratory relief finding:

a.    these were employment contracts (<u>see</u> Exhibit "F" for Morgan & Morgan Jax form contracts);

-14-

b.      these contracts are unenforceable under Georgia law; and

b.      these contracts are void.

### Count IV: Punitive Damages

65.   Plaintiff re-alleges and incorporates herein each and every allegation of all preceding
paragraphs as if fully restated.

66.   Defendants' actions, as alleged in this Complaint, show such willful misconduct, malice,
fraud, wantonness, and oppression, and entire want of care as to entitle Plaintiff to an
award of punitive damages in an amount to be determined by the enlightened conscience
of a jury, pursuant to O.C.G.A. § 51-12-5.1.

### Count V: Attorney's Fees and Costs of Litigation

67.   Plaintiff re-alleges and incorporates herein each and every allegation of all preceding
paragraphs as if fully restated.

68.   The Defendants have been stubbornly litigious, acted in bad faith, and caused Plaintiff
unnecessary trouble and expense, entitling Plaintiff to recover for litigation costs and
attorney's fees pursuant to O.C.G.A. §13-6-11.

### V. ESTOPPEL AND TOLLING OF STATUTE OF LIMITATIONS

69.   Plaintiff re-alleges and incorporates herein each and every allegation of all preceding
paragraphs as if fully restated.

70.   Defendants are estopped from asserting any statute of limitations defense to the claims
alleged herein by virtue of its acts and omissions, including failing to disclose material
facts and suppressing wrongful conduct.

71.   Plaintiff's and Class Members' claims and injuries were inherently undiscoverable by

virtue of Defendants relationship as fiduciary and legal counsel.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated,  prays for judgment against Defendants and:

(a)     For summons and process to be issued and served upon Defendants;

(b)     For an Order pursuant to O.C.G.A. § 9-11-23 certifying this matter as a class action as described above, designating Plaintiff as Class Representative and his attorneys as Class Counsel, and directing the best notice practicable to the Class;

(c)     For actual and general damages in any amount to be proven at trial;

(d)     For punitive damages;

(e)     For the disgorgement of the legal fees paid to Defendants relating to the representation complained of herein;

(f)     for an order declaring Morgan & Morgan Jax's fee contracts signed before Morgan & Morgan Jax registered to do business in Georgia are void because of Florida bar rules, and a finding that, by taking on the legal representation, Morgan & Morgan Jax was maintaining a legal action in Georgia impermissibly;

(g)     For trial by jury;

(h)     For attorney's fees and all costs of this litigation; and

(I)     For such other and further relief as this Court deems just and proper.

Respectfully submitted this 20th day of June, 2024.

*(Signatures on following page)*

-16-

/s/ *Brent J. Savage*
Brent J. Savage
Georgia Bar No. 627450
James H. Wilson, III
Georgia Bar No. 768450
Matthew R. Bradley
Georgia Bar No. 835095

**SAVAGE, TURNER, PINCKNEY,**
**SAVAGE, & SPROUSE**
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140
lwickline@savagelawfirm.net
shughes@savagelawfirm.net

Nathan T. Williams
Georgia Bar No.: 142417
Paul A. Schofield
Georgia Bar No.: 940700

**WILLIAMS LITIGATION GROUP**
1709 Reynolds Street (31520)
P.O. Box 279
Brunswick, Georgia 31521
(866) 214-7036

Mark A. Tate
Georgia Bar No. 698820
Andrew Zemany
Georgia Bar No. 459060

**TATE LAW GROUP, LLC**
25 Bull Street, Suite 200
Savannah, GA 31401
912-234-3030
912-234-9700 (fax)
marktate@tatelawgroup.com
twells@tatelawgroup.com

-17-

| Agency Case Number | Agency NCIC Number | GEO... | | County | Date Rec. by GDOT |
|---|---|---|---|---|---|
| C00832694-01 | GAGSP0000 | MOTOR VEHICL... | N-SH REPOR... | MCINTOSH | |

| Estimated Crash | | Dispatch | | | Total Number of | | | Inside City Of |
|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Vehicles | Injuries | Fatalities | |
| 06/21/22 | 03:57 | 06/21/22 | 04:02 | 06/21/... | 3 | 2 | 0 | |

Road of Occurrence INTERSTATE 95 MILE MARKER 51

At Its Intersection With _____

☐ **Corrected Report**

Not At Its Intersection But _____ ☐ Miles ☐ Feet ☐ North ☐ South ☐ East ☐ West

Of _____

☐ **Sup To Original**

Latitude (Y) 31.42744
(Format) 00 00000

Longitude (X) -81.44315
(Format) -00.00000

☐ **Hit And Run?**

| Unit # | ☒ Driver | LAST NAME | FIRST | MIDDLE | Unit # | ☒ Driver | LAST NAME | FIRST | MIDDLE |
|---|---|---|---|---|---|---|---|---|---|
| **1** | ☐ Ped ☐ Bike | JOHNSON | MELVIN | LEWIS | **2** | ☐ Ped ☐ Bike | GODETTE | ANDRE | DEVON |
| ☒ Susp At Fault | | Address 3765 SOUTHBROOK DR # 3205 | | | ☐ Susp At Fault | | Address 1560 COLLEGE WAY | | |

| City | State | Zip | DOB | City | State | Zip | DOB |
|---|---|---|---|---|---|---|---|
| JACKSONVILLE | FL | 32256 | /1961 | NEW BERN | NC | 285625138 | /1981 |

| Driver's License No. | Class | State | Country | Driver's License No. | Class | State | Country |
|---|---|---|---|---|---|---|---|
| J525612614150 | B | FL | UNITED STATES | 000028027287 | C | NC | UNITED STATES |

| Insurance Co. | Policy No. | Telephone No. | Insurance Co. | Policy No. | Telephone No. |
|---|---|---|---|---|---|
| GEICO | 4583228467 | | GEICO | 4612159196 | |

| Year | Make | Model | Year | Make | Model |
|---|---|---|---|---|---|
| 2020 | NISSAN | ARMADA | 2010 | CADILLAC | CTS PRFORMNCE |

| VIN | Vehicle Color | VIN | Vehicle Color |
|---|---|---|---|
| JN8AY2ND8L9106799 | SIL | 1G6DJ5EV7A0126683 | BLK |

| Tag # | State | County | Year | Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|
| NCAJ07 | FL | OUT OF STATE | 2023 | TAV6842 | NC | OUT OF STATE | 2022 |

| Trailer Tag # | State | County | Year | Trailer Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ☒ Same as Driver | Owner's Last Name | First | Middle | ☒ Same as Driver | Owner's Last Name | First | Middle |
|---|---|---|---|---|---|---|---|
| | JOHNSON | MELVIN | LEWIS | | GODETTE | ANDRE | DEVON |

| Address | | | Address | | |
|---|---|---|---|---|---|
| 3765 SOUTHBROOK DR # 3205 | | | 1560 COLLEGE WAY | | |

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| JACKSONVILLE | FL | 32256 | NEW BERN | NC | 28562-5138 |

| Removed By: | ☐ Request ☒ List | Removed By: | ☐ Request ☒ List |
|---|---|---|---|
| TIGER TOWING & RECOVERY | | JIMMY'S TOWING AND RECOVERY | |

| Alco Test: | Type: | Results: | Drug Test: | Type: | Results: | Alco Test: | Type: | Results: | Drug Test: | Type: | Results: |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | | | 2 | | | 2 | | | 2 | | |

| First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 1 | First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 1 |
|---|---|---|---|---|---|

| Operator Contributing Factors: 3 5 37 | Operator Contributing Factors: 1 |
|---|---|

| Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 | Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 |
|---|---|---|---|

| Direction of Travel: 1 | Vehicle Maneuver: 5 | Non-Motor Maneuver: | Direction of Travel: 1 | Vehicle Maneuver: 5 | Non-Motor Maneuver: |
|---|---|---|---|---|---|
| Vehicle Class: | Vehicle Type: 11 | Vision Obscured: 1 | Vehicle Class: 1 | Vehicle Type: 1 | Vision Obscured: 1 |
| Number of Occupants: 1 | Area of Initial Contact: 12 | Damage to Veh: 4 | Number of Occupants: 1 | Area of Initial Contact: 4 | Damage to Veh: 4 |
| Traffic-Way Flow: 2 | Road Comp: 2 | Road Character: 1 | Traffic-Way Flow: 2 | Road Comp: 2 | Road Character: 1 |
| Number of Lanes: 6 | Posted Speed: 70 | Work Zone: | Number of Lanes: 6 | Posted Speed: 70 | Work Zone: 0 |

| Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No | Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No |
|---|---|---|---|

| Citation Information: | | Citation Information: | |
|---|---|---|---|
| Citation # E04327133 | O.C.G.A. § 40-6-390 | Citation # | O.C.G.A. § |
| Citation # E04327134 | O.C.G.A. § 40-6-4,9 | Citation # | O.C.G.A. § |
| Citation # E04327135 | O.C.G.A. § 40-6-48 | Citation # | O.C.G.A. § |

| **COMMERCIAL MOTOR VEHICLES ONLY** | **COMMERCIAL MOTOR VEHICLES ONLY** |
|---|---|
| Carrier Name: | Carrier Name: |

| Address | City | State | Zip | Address | City | State | Zip |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| U.S. D.O.T. # | No. of Axles | G.V.W.R. | U.S. D.O.T. # | No. of Axles | G.V.W.R. |
|---|---|---|---|---|---|

| Cargo Body Type | Vehicle Config. | ☐ Interstate ☐ Intrastate | Fed. Reportable ☐ Yes ☐ No | Cargo Body Type | Vehicle Config. | ☐ Interstate ☐ Intrastate | Fed. Reportable ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|

| C.D.L.? ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No | C.D.L.? ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No |
|---|---|---|---|
| Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No | Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No |

Haz Mat Released? ☐ Yes ☐ No

If YES: Name or four Digit Number from Diamond or Box: __ __ __ __
One Digit Number from Bottom of Diamond: _____

Haz Mat Released? ☐ Yes ☐ No

If YES: Name or four Digit Number from Diamond or Box: __ __ __ __
One Digit Number from Bottom of Diamond: _____

☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units
☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units

**EXHIBIT**

**A**

| Unit # 3 | ☒ Driver ☐ Ped ☐ Bike | LAST NAME WALKER | FIRST BRANDON | MIDDLE CHARLES |
|---|---|---|---|---|

| ☐ Susp At Fault | Address 12317 GA 251 HWY |
|---|---|

| City DARIEN | State GA | Zip 30305 | DOB ████1994 |
|---|---|---|---|

| Driver's License No. 056872794 | Class C | State GA | Country UNITED STATES |
|---|---|---|---|

| Insurance Co. ACCG INTERLOCAL RISK M/ | Policy No. ACCG-IRMA4170 | Telephone No. ████████ |
|---|---|---|

| Year 2019 | Make FORD | Model F150 |
|---|---|---|

| VIN 1FTEW1C51KFB63922 | Vehicle Color SIL |
|---|---|

| Tag # GV290A9 | State GA | County MCINTOSH | Year |
|---|---|---|---|

| Trailer Tag # | State | County | Year |
|---|---|---|---|

| ☐ Same as Driver | Owner's Last Name MCINTOSH COUNTY O | First | Middle |
|---|---|---|---|

| Address 12317 HWY 251 |
|---|

| City DARIEN | State GA | Zip 31305-3630 |
|---|---|---|

| Removed By: JTNL SADDLES | ☐ Request ☒ List |
|---|---|

| Alco Test: 2 | Type: | Results: | Drug Test: 2 | Type: | Results: |
|---|---|---|---|---|---|

| First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 1 |
|---|---|---|

**Operator Contributing Factors:** _____1_____ _____ _____ _____

| Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 |
|---|---|

| Direction of Travel: 1 | Vehicle Maneuver: 1 | Non-Motor Maneuver: |
|---|---|---|

| Vehicle Class: 2 | Vehicle Type: 2 | Vision Obscured: 1 |
|---|---|---|

| Number of Occupants: 1 | Area of Initial Contact: 6 | Damage to Veh: 4 |
|---|---|---|

| Traffic-Way Flow: 2 | Road Comp: 2 | Road Character: 1 |
|---|---|---|

| Number of Lanes: 6 | Posted Speed: 70 | Work Zone: 0 |
|---|---|---|

| Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No |
|---|---|

**Citation Information:**

Citation # _____ O.C.G.A. § _____

Citation # _____ O.C.G.A. § _____

Citation # _____ O.C.G.A. § _____

### COMMERCIAL MOTOR VEHICLES ONLY

Carrier Name:

| Address | City | State Zip |
|---|---|---|

| U.S. D.O.T. # | No. of Axles | G.V.W.R. |
|---|---|---|

| Cargo Body Type | Vehicle Config. | ☐ Interstate ☐ Intrastate | Fed. Reportable ☐ Yes ☐ No |
|---|---|---|---|

| C.D.L.? ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No |
|---|---|

| Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No |
|---|---|

Haz Mat Released? ☐ Yes ☐ No

If YES: Name or four Digit Number from Diamond or Box: _____

One Digit Number from Bottom of Diamond: _____

☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units

GDOT-523 (07/17)

## COLLISION FIELDS

| Manner of Collision: | 3 | Location at Area of Impact: | 1 | Weather: | 1 | Surface Condition: | 1 | Light Condition: | 5 |
|---|---|---|---|---|---|---|---|---|---|

## NARRATIVE

Vehicle 1 was traveling northbound on Interstate 95 in the middle lane by mile marker 51. Vehicle 2 was traveling northbound on Interstate 95 in the fast lane ahead of Vehicle 1. Vehicle 3 was traveling northbound on Interstate 95 approaching DOT approved turn around in the fast lane.

As Vehicle 1 approached Vehicle 2, Vehicle 1 began to leave it lane of travel entering into  he fast lane.  This action caused Vehicle 1 to sideswipe Vehicle 2 on the passenger side.  After impact, Vehicle 1 traveled approximately 169.5 feet, before impacting Vehicle 3.  After impact, Vehicle 3 travel approximately 151.2 feet and came to a final uncontrolled rest in  he median facing West.  Vehicle 2 travel approximately 208.6 feet before coming to a final controlled rest int the fast lane facing north.  Vehicle 1 travel approximately 190.8 feet before coming to a final uncontrolled rest in the fast lane facing north.  The first area impact was approximately 169.5 feet sou h from the DOT approved turn around in the fast lane with Vehicle 1 and Vehicle 2 on Interstate 95 northbound.  The second area of impact was at the DOT approved turn around with Vehicle 1 and Vehicle 3.

Notes:

I spoke to the driver of Vehicle 2, who advised that he was traveling northbound on Interstate 95 in the fast lane when he was struck on the passenger side.  He advised that he tried to maintain control of his vehicle and bring it to a stop.  Driver 2 also advised that he don't know what happened after that.

I spoke to a witness, Ms. Destiny Gonzalez, who advised that she was running lidar on the northbound side of 95.  She advised that she had checked Vehicle 1 with the lidar at 114 mph before impact.  She stated the distance when she checked Vehicle 1 was approximately 400 feet from her position.

I was unable to talk to  he Vehicle 1 driver because he had already been transported to the hospital before my arrival.  After finishing my crash investigation, I went to the hospital where the driver of Vehicle 1 was transported.  Upon arrival to the hospital, I was advised by hospital staff  hat driver one was transported to a hospital in Jacksonville, Florida.

This crash investigation was video audio recorded on TFC 3 Thurmond Watchguard 4RE.

## DIAGRAM

INDICATE NORTH

## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle | Owner |
|---|---|
| | |

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|
| GONZALEZ, DESTINY | 12317 GA 251 HWY | DARIEN | GA | 31305-9759 | |

## OCCUPANT INFORMATION

| | Name (Last, First): JOHNSON, MELVIN | | | Address: 3765 SOUTHBROOK DR # 3205 JACKSONVILLE, FL 32256 | | | | |
|---|---|---|---|---|---|---|---|---|
| **1** | Age: 60 | Sex: M | Unit #: 1 | Position: 1 | Safety Eq: 3 | Ejected: 1 | Extricated: 2 | Air Bag: 5 | Injury: 2 | Taken for Treatment: 1 |
| | Injury Taken To: SOUTHEAST GEORGIA MEDIC | By: MCINTOSH EMS | | EMS Notified Time: | EMS Arrival Time: | | Hospital Arrival Time: | |

| | Name (Last, First): GODETTE, ANDRE | | | Address: 1560 COLLEGE WAY NEW BERN, NC 285625138 | | | | |
|---|---|---|---|---|---|---|---|---|
| **2** | Age: 40 | Sex: MA | Unit #: 2 | Position: 1 | Safety Eq: 3 | Ejected: 1 | Extricated: 2 | Air Bag: 6 | Injury: 0 | Taken for Treatment: 2 |
| | Injury Taken To: | By: | | EMS Notified Time: | EMS Arrival Time: | | Hospital Arrival Time: | |

| | Name (Last, First): WALKER, BRANDON | | | Address: 12317 GA 251 HWY DARIEN , GA 30305 | | | | |
|---|---|---|---|---|---|---|---|---|
| **3** | Age: 28 | Sex: M | Unit #: 3 | Position: 1 | Safety Eq: 3 | Ejected: 1 | Extricated: 2 | Air Bag: 6 | Injury: 3 | Taken for Treatment: 1 |
| | Injury Taken To: MEMORIAL MEDICAL HOSPIT/ | By: AIREVAC | | EMS Notified Time: | EMS Arrival Time: | | Hospital Arrival Time: | |

## ADMINISTRATIVE

| Photos Taken: ☒ Yes  ☐ No | By: TFC 3 THURMOND | *Officer Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reporting Unit via either email at GeorgiaFARS@dot.ga.gov or Fax at (404)635-2963.* |
|---|---|---|
| Report By: THURMOND, LYLE #0635 | Agency: GSPI\POST 11 | Report Date: 06/21/22 | Checked By: KERRICK, KEITH O. #0379 | Date Checked: 06/22/22 |

## SUPPLEMENT
### GEORGIA MOTOR VEHICLE CRASH REPORT

| Agency Case Number: C000832694-01 | Estimated Crash Date: 06/21/22 | Officer Name:   THURMOND, LYLE #0635 |
|---|---|---|

### NARRATIVE CONTINUED

### ADDITIONAL CITATION INFORMATION

**Unit #** 1

| Citation # | E04327136 | O.C.G.A. § | 40-6-180 |
|---|---|---|---|
| Citation # | E04327137 | O.C.G.A. § | 40-8-76.1 |

GDOT-523 SUPP (07/17)





## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

BRANDON WALKER, on behalf of himself,
and others similarly situated,

      Plaintiff,

v.

MORGAN & MORGAN, JACKSONVILLE PLLC
a/k/a MORGAN & MORGAN,
JACKSONVILLE, LLC, and BRAD MILKWICK

      Defendants.

CIVIL ACTION
NO.___CE24-00694_____

---

### AFFIDAVIT OF BRUCE EDWARDS DATED JUNE 20, 2024

COMES NOW, Bruce Edwards, who after being duly sworn before an officer authorized to administer oaths, states as follows:

1.

I am of legal age and otherwise competent to give this Affidavit. The facts stated in this affidavit are to my personal knowledge.

2.

I am a 1982 honors graduate of the University of Pennsylvania and a 1985 graduate of the University of Georgia law school.

3.

I am from Douglas, Georgia and have practiced in the area of civil torts and workers compensation for over 35 years.



EXHIBIT
**B**

4.

I have served on a variety of local and legal associations throughout my career, including:

 a. Executive Member of the Workers' Compensation Lawyers' Association;

 b. Executive Member of Georgia State Board of Workers' Compensation Chairman's Advisory Council (1996-2008);

 c. President, Coffee County Bar Association (1990);

 d. Member of Georgia Trial Lawyers Association;

 e. President (1994) and Board Member (1991-1994) of South Georgia College Foundation;

 f. President (2 years) and Vice President (1 year) of Coffee County's Academic Booster Club;

 g. Teacher and speaker at numerous workers' compensation legal seminars sponsored by the State Bar of Georgia.

5.

I have been asked to review the actions of Morgan and Morgan Jacksonville in regard to its representation of Brandon Walker and a potential workers' compensation claim.

6.

In this regard, I have reviewed the file transmitted to Savage & Turner, P.C. by Morgan & Morgan on April 1, 2024. I have also reviewed the affidavit of Brandon Walker dated June 20, 2024 (attached as Exhibit "A"). The file transmitted to me by Savage & Turner, P.C., included:

 a. The Personal Injury "File" from Morgan & Morgan, which contained the

materials shown on the screenshot attached as Exhibit "B";

b.    The Worker's Comp "File" from Morgan & Morgan, which contained the materials shown on the screenshot attached as Exhibit "C".

7.

Based upon my experience, education and practice in the area of Georgia's worker's compensation law over the past 35 years, I believe Brad Milkwick and Morgan & Morgan Jacksonville deviated from the standard of care in regard to their representation of Brandon Walker in a number of ways by:

a.    telling Mr. Walker he had to quit his job in order to file a worker's compensation claim. This is false. Although sometimes this is insisted upon by a worker's compensation insurance carrier or employer when a case is settled, it is on a case-by-case basis. Further, the concept of requiring a claimant to resign from their job would only come up as part of a settlement of the entire claim. This would not keep the claimant, such as Brandon Walker, from collecting monies for lost wages and/or medical expenses. If Mr. Walker wanted to keep his job at the McIntosh County Sheriff's Department, and the comp carrier wanted to require, in the settlement, in resign from the job, Brandon Walker could simply not settle his claim (in this case, the comp provider was the Association County Commissioners of Georgia (ACCG).

b.    a comp claim absolutely should have been filed for Mr. Walker. His history shows us why. Attached as Exhibit "D" is the settlement statement of his tort case. Mr. Walker had to pay Association County Commissioners of Georgia - Interlocal Risk Management Agency (IRMA) $17,318.78 for its

subrogation interest. This claim should have been paid by the worker's compensation carrier. The comp carrier would not have had a viable subrogation interest; therefore Mr. Walker would have had $17,318.78 more net funds in settlement;

c.   third, Mr. Walker was not advised by his counsel at Morgan & Morgan Jacksonville, PLLC a/k/a Morgan & Morgan Jacksonville, LLC the worker's comp statute in Georgia was one year; he should have been. Mr. Walker would have had coverage for his proposed back surgery; if a claim had been filed with the worker's comp board within one year of the injury to Brandon Walker. This would have included lost wages, as well as medical expenses. This would be there, even if Mr. Walker could no longer be a deputy, given his back problems. Here, as Mr. Walker found out, the statute of limitations ran since no claim was filed with the state workers comp board within one year. I understand his back injury from the wreck is and has been causing him serious chronic back problems. I understand surgery is being seriously considered for him. Given no claim was filed in a timely manner, this will not be covered.

8.

I believe the failure to do the matters outlined in Paragraph 7(a) through (c) were a deviation of the standard of care for Georgia lawyers under like or similar circumstances.

9.

This affidavit is given in order to comply with O.C.G.A. §9-11-9.1.  It is not intended to encompass all of the opinions held by me.  I reserve the right to modify and/or supplement my opinions upon consideration of additional information. FURTHER, AFFIANT SAYETH NAUGHT.

This ____20th____ day of June, 2024.

BRUCE EDWARDS

Sworn to and subscribed before me this __20th__ day of June, 2024

Notary Public

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

BRANDON WALKER, on behalf of himself,
and others similarly situated,

        Plaintiff,

v.

MORGAN & MORGAN, JACKSONVILLE PLLC
a/k/a MORGAN & MORGAN,
JACKSONVILLE, LLC, and BRAD MILKWICK

        Defendants.

CIVIL ACTION
NO._____CE24-00694_____

STATE OF GEORGIA     )
                       )
COUNTY OF LIBERTY   )

### AFFIDAVIT OF BRANDON WALKER

**COMES NOW BRANDON WALKER**, who after being duly sworn before an officer

authorized to administer oaths, states as follows:

1.

I am of legal age and otherwise competent to give this Affidavit. The facts stated in this

affidavit are to my personal knowledge.

2.

I currently work as a Deputy Sheriff in McIntosh County, Georgia.

3.

On June 21, 2022, I was seriously injured on duty when my police cruiser was rear ended

by a vehicle traveling 114 mph on I-95 as I was performing my normal duties.

**EXHIBIT "A"**

4.

I was contacted by the driver's insurance company and was told they were prepared to pay the limits of their coverage but asked if I was represented by a lawyer. At the time, I was not represented.

5.

Following this conversation with the insurance company, I called Morgan & Morgan's 800 number as it is advertised all over South Georgia.

6.

I spoke to a Morgan & Morgan representative who told me that we would get in contact with Patrick Powell in their Brunswick office about my claims.

7.

A representative from Morgan & Morgan's Brunswick's office contacted me a few days later.  I was told by this individual, who was not an attorney, that I needed to contact Brad Milkwick for my worker's compensation claim.

8.

I spoke very briefly to Mr. Milkwick who told me I would have to quit my job if I proceeded with a worker's compensation claim.

9.

I told Mr. Milkwick that I loved my job and did not want to quit.  After hearing that I was not open to quitting my job as a deputy sheriff, Mr. Milkwick advised me against pursuing a

worker's compensation claim.

10.

At the time, I was receiving treatment for my injuries.  I hoped the treatments would allow me to continue to work once I recovered.

11.

I now understand if I had made a worker's compensation claim those medical costs would have been covered.

12.

Since the accident I have continued to have bad back pain.  My medical providers told me that I will have to have surgery.

13.

When I returned to work, my back pain worsened. I asked my employer, McIntosh County, to help me on pursing further treatment through worker's compensation.  I was put in contact with the worker's compensation agent, who told me that they could not help me at all because the request was "not timely."

14.

With my back pain being so severe, and worsening, and the uncertainties of surgery, I am beginning to question if I can continue in this line of work.

15.

As part of the settlements I reached with Morgan and Morgan to settle claims the insurance claims, I had to pay back over $17,000 for my medical treatments as part of what they described to me as "subrogation interest in group health care."

**FURTHER AFFIANT SAYETH NAUGHT.**

This **20** day of June, 2024.

Brandon Walker

**NOTARY:**

Sworn to and subscribed before me
this **20** of **June**, 2024.



Notary Public

OCTAVIO ARANGO
Notary Public, Georgia
Chatham County
My Commission Expires
October 26, 2025

.ook in: 📁 Personal Injury File from Morgan and Morgan

| Name | Date modified | Type | Size |
|---|---|---|---|
| (aDu3c000000EzK7CAK)RTS - Notice to Def | 4/1/2024 8:35 AM | Adobe Acrob... | 742 KB |
| (aDu3c000000Tnn7CAC)FC0013518_0035053851052 | 4/1/2024 8:35 AM | Adobe Acrob... | 82 KB |
| (aDu3c00000Be52fCAB)FC0013518_0035053851052 | 4/1/2024 8:35 AM | Adobe Acrob... | 82 KB |
| (aDu3c000009AbmNCAS)RTS - Notice to Def | 4/1/2024 8:35 AM | Adobe Acrob... | 629 KB |
| 1138C120V | 4/1/2024 10:08 AM | E-mail Messa... | 287 KB |
| 12995729 Walker, Brandon v. Johnson, Melvin_ Incoming Message Alert from 360 | 4/1/2024 8:35 AM | Outlook Item | 37 KB |
| ACCG - NO UM COVERAGE | 4/1/2024 8:35 AM | Adobe Acrob... | 1,047 KB |
| AFFIDAVIT - Melvin Johnson Estate | 4/1/2024 8:35 AM | Adobe Acrob... | 127 KB |
| Auth ERISA Benefits #41AT GA.pdf (0683c00000OZfqIAAD) | 4/1/2024 8:35 AM | Adobe Acrob... | 188 KB |
| B Walker- Closing_Statement | 4/1/2024 8:35 AM | Adobe Acrob... | 174 KB |
| BI SETTLEMENT CK | 4/1/2024 8:35 AM | Adobe Acrob... | 25 KB |
| CIGNA - NO CLAIMS MADE | 4/1/2024 8:35 AM | Adobe Acrob... | 27 KB |
| CIGNA Insurance Card (Front and Back) | 4/1/2024 8:35 AM | Adobe Acrob... | 1,493 KB |
| Closing Stmt (executed) | 4/1/2024 8:35 AM | Adobe Acrob... | 54 KB |
| Closing_Statement_FR845139 | 4/1/2024 8:35 AM | Adobe Acrob... | 125 KB |
| CONDUENT - CORR | 4/1/2024 8:35 AM | Adobe Acrob... | 1,807 KB |
| Cover Letter for PI PREM 06172020.pdf (0683c00000OZfq7AAD) | 4/1/2024 8:35 AM | Adobe Acrob... | 270 KB |
| CRASH REPORT (36) | 4/1/2024 8:35 AM | Adobe Acrob... | 596 KB |
| CRASH REPORT | 4/1/2024 8:35 AM | Adobe Acrob... | 596 KB |
| Denial from State Farm (not covered veh) | 4/1/2024 8:35 AM | Adobe Acrob... | 194 KB |
| HIPAA Page 2.pdf (0683c00000OZfqgAAD) | 4/1/2024 8:35 AM | Adobe Acrob... | 278 KB |
| HIPPA  Page One Brunswick.pdf (0683c00000OZfqMAAT) | 4/1/2024 8:35 AM | Adobe Acrob... | 277 KB |
| HIPPA  Page One Savannah.pdf (0683c00000OZfqHAAT) | 4/1/2024 8:35 AM | Adobe Acrob... | 276 KB |
| INS - Geico - Dec Page $10k'$20k | 4/1/2024 8:35 AM | Adobe Acrob... | 779 KB |
| Internet_Policy.pdf (0683c00000OZf8cAAD) | 4/1/2024 8:35 AM | Adobe Acrob... | 190 KB |
| IRS FORM 4506.pdf (0683c00000OZfoFAAT) | 4/1/2024 8:35 AM | Adobe Acrob... | 184 KB |
| LLR (SIGNED) | 4/1/2024 8:35 AM | Adobe Acrob... | 83 KB |
| MB - AIR EVAC LIFETEAM $45,800.22 | 4/1/2024 8:35 AM | Adobe Acrob... | 38 KB |
| Medicare Proof of Representation #99GA.pdf (0683c00000OZfqqAAD) | 4/1/2024 8:35 AM | Adobe Acrob... | 209 KB |

**EXHIBIT "B"**

| File | Date | Type | Size |
|------|------|------|------|
| No additional tx - Re_ case update | 4/1/2024 8:41 AM | E-mail Messa... | 26 KB |
| REC CK | 4/1/2024 8:35 AM | Adobe Acrob... | 137 KB |
| Reduction Req - Sound Physicians | 4/1/2024 8:35 AM | Adobe Acrob... | 30 KB |
| Reduction Req - Southern Ortho | 4/1/2024 8:35 AM | Adobe Acrob... | 20 KB |
| RTS - Notice to Defendant | 4/1/2024 8:35 AM | Adobe Acrob... | 761 KB |
| RTS - Spoliation to Defendant | 4/1/2024 8:35 AM | Adobe Acrob... | 533 KB |
| RTS - Spoliation | 4/1/2024 8:35 AM | Adobe Acrob... | 481 KB |
| Settlement check from State Farm | 4/1/2024 8:35 AM | Adobe Acrob... | 69 KB |
| SIGNED AUTHO | 4/1/2024 8:35 AM | Adobe Acrob... | 349 KB |
| SIGNED closing statement & Release  Walker | 4/1/2024 8:35 AM | Adobe Acrob... | 101 KB |
| SIGNED DOCs (UM closing stmt & Release) | 4/1/2024 8:35 AM | Adobe Acrob... | 214 KB |
| State Farm - Dec Page $25k | 4/1/2024 8:35 AM | Adobe Acrob... | 924 KB |
| WC Lien 7250102556 - Med Pay History | 4/1/2024 8:35 AM | Microsoft Exc... | 11 KB |

| Look in: | Personal Injury File from Morgan and Morgan | | | |
|---|---|---|---|---|

| Name ^ | Date modified | Type | Size |
|---|---|---|---|
| 2022.06.21 | 4/1/2024 8:35 AM | File folder | |
| 2022.07.06 (to) 2022.07.08 | 4/1/2024 8:35 AM | File folder | |
| 2022.07.06 (to) 2022.07.19 | 4/1/2024 8:35 AM | File folder | |
| ACCEPTED REDUCTION | 4/1/2024 8:35 AM | File folder | |
| CORR | 4/1/2024 8:35 AM | File folder | |
| DEC PAGE | 4/1/2024 8:35 AM | File folder | |
| FINAL BALANCE | 4/1/2024 8:35 AM | File folder | |
| FINAL LIEN | 4/1/2024 8:35 AM | File folder | |
| INS | 4/1/2024 8:35 AM | File folder | |
| MB | 4/1/2024 8:35 AM | File folder | |
| SOUND PHYSICIANS | 4/2/2024 11:38 AM | File folder | |

Look in: 📁 Worker's Comp File from Morgan and Morgan

| Name | Date modified | Type | Size |
|------|---------------|------|------|
| ✉ (aDu3c000008r55TCAQ)Walker, Brandon  12995536_ Incoming Message Alert from 360 SMS App for Sales | 4/1/2024 8:37 AM | Outlook Item | 38 KB |
| ✉ (aDu3c000008v4xtCAA)Walker, Brandon  12995536_ Incoming Message Alert from 360 SMS App for Sales | 4/1/2024 8:37 AM | Outlook Item | 693 KB |
| ✉ (aDu3c000008v5boCAA)Walker, Brandon  12995536_ Incoming Message Alert from 360 SMS App for Sales | 4/1/2024 8:37 AM | Outlook Item | 38 KB |
| ✉ (aDu3c000008v66eCAA)Walker, Brandon  12995536_ Incoming Message Alert from 360 SMS App for Sales | 4/1/2024 8:37 AM | Outlook Item | 36 KB |
| 📄 Auth ERISA Benefits #41AT GA.pdf (0683c00000OZefVAAT) | 4/1/2024 8:37 AM | Adobe Acrobat... | 191 KB |
| 📄 CL DL | 4/1/2024 8:37 AM | Adobe Acrobat... | 654 KB |
| 📄 CL Pay Stub | 4/1/2024 8:37 AM | Adobe Acrobat... | 488 KB |
| 📄 combined_doc_a1n3c00000B6PAbAAN-2 | 4/1/2024 8:37 AM | Adobe Acrobat... | 23 KB |
| 📄 FC-BRU WC Ltr to CL - Hold File | 4/1/2024 8:37 AM | Adobe Acrobat... | 24 KB |
| 📄 HIPAA Medical Request Page 1 .pdf (0683c00000OZfY1AAL) | 4/1/2024 8:37 AM | Adobe Acrobat... | 267 KB |
| 📄 HIPAA Page 2.pdf (0683c00000OZfYBAA1) | 4/1/2024 8:37 AM | Adobe Acrobat... | 278 KB |
| 📄 HIPPA  Page One Atlanta.pdf (0683c00000OZfGxAAL) | 4/1/2024 8:37 AM | Adobe Acrobat... | 276 KB |
| 📄 HIPPA  Page One Brunswick.pdf (0683c00000OZf0LAAT) | 4/1/2024 8:37 AM | Adobe Acrobat... | 277 KB |
| 📄 HIPPA  Page One Columbus.pdf (0683c00000OZfATAA1) | 4/1/2024 8:37 AM | Adobe Acrobat... | 276 KB |
| 📄 HIPPA  Page One Savannah.pdf (0683c00000OZfXcAAL) | 4/1/2024 8:37 AM | Adobe Acrobat... | 276 KB |
| 📄 HIPPA Page Two #21 electronic.pdf (0683c00000OZfXwAAL) | 4/1/2024 8:37 AM | Adobe Acrobat... | 278 KB |
| 📄 Internet Policy.pdf (0683c00000OZfYaAAL) | 4/1/2024 8:37 AM | Adobe Acrobat... | 236 KB |
| 📄 Medicare Proof of Representation #99GA.pdf (0683c00000OZfYLAA1) | 4/1/2024 8:37 AM | Adobe Acrobat... | 213 KB |
| 📄 MMWC_SAV_V08082018.pdf (0683c00000OZfXXAA1) | 4/1/2024 8:37 AM | Adobe Acrobat... | 258 KB |
| 📄 New Client Interview Intake | 4/1/2024 8:37 AM | Microsoft Word... | 76 KB |
| 📄 Updated 207.pdf (0683c00000OZfRRAA1) | 4/1/2024 8:37 AM | Adobe Acrobat... | 252 KB |
| 🔘 VoiceMessage | 4/1/2024 8:37 AM | WAV File | 84 KB |
| ✉ Walker, Brandon  12995536_ You've been assigned to INT-12995536 - Brando | 4/1/2024 8:37 AM | Outlook Item | 72 KB |
| ✉ Walker, Brandon (Hold) 12995536_ Incoming Message Alert from 360 SMS App for | 4/1/2024 8:37 AM | Outlook Item | 526 KB |
| 📄 WC AFFIDAVIT #121GA.pdf (0683c00000OZfYQAA1) | 4/1/2024 8:37 AM | Adobe Acrobat... | 164 KB |
| 📄 Workers Compensation Coverage Verification | 4/1/2024 8:37 AM | Adobe Acrobat... | 165 KB |

**EXHIBIT "C"**

**MORGAN & MORGAN**

**Morgan & Morgan Jacksonville PLLC**

Walker, Brandon v. Johnson, Melvin

12995729

<u>CLOSING STATEMENT</u>

| | | |
|---|---|---|
| **TOTAL RECOVERY:** | | $100,000.00 |
| **LESS ATTORNEY'S FEES: 40.00%** | | |
| Morgan & Morgan Jacksonville PLLC | $40,000.00 | |
| | | |
| | **$40,000.00** | $60,000.00 |
| FUNDS FROM TRUST | | $14,707.82 |
| | | |
| | **$14,707.82** | $74,707.82 |
| **LESS COSTS:** | | |
| Medical Records | $283.53 | |
| Docufree Print | $1.49 | |
| Docufree Postage | $6.61 | |
| Interest Expense | $0.55 | |
| Docufree Digital Imaging | $5.25 | |
| Total Costs Recovered | $-292.18 | |
| | | |
| | **$5.25** | $74,702.57 |
| **LIENS:** | | |
| ACCG Insurance Programs | $17,318.78 | |
| | | |
| | **$17,318.78** | $57,383.79 |
| **TO BE PAID FOR:**    Brandon Walker | | |
| **Provider** | | |
| Southern Orthopaedics & Sports Medicine | $900.00 | |
| Memorial Health Trauma Center One | $1,910.00 | |
| Georgia Emergency Physicians | $1,805.00 | |
| Atlantic Radiology Associates, LLC | $1,876.01 | |
| | | |
| Total due for bills to be paid from settlement: | **$6,491.01** | $50,892.78 |
| Less: Delayed Cost Deposit | $1,000.00 | $49,892.78 |
| **Settlement Proceeds Check: Brandon Walker** | | **$49,892.78** |

**EXHIBIT "D"**

The disbursement of this recovery as set forth above is hereby approved and a check, in the amount of $49,892.78, shall be forwarded approximately ten (10) business days after deposit of the executed draft.

It is understood and agreed that my attorneys have attempted to verify and pay any and all charges, costs and expenses and to the best of their knowledge and belief, this has been done.

It is further understood and agreed that my attorneys have retained the amount of $1,000.00, as reflected above, for a period of ninety (90) days following the disbursement of the INITIAL DISBURSEMENT TO CLIENT in anticipation of delayed expenses and charges. If there are no delayed expenses or charges received within the ninety (90) day period, the delayed cost deposit will be returned to the client.

It is understood and agreed that if there are any unpaid costs or charges which exceed the retained deposit or are discovered after the disbursement of the recovery, they will be the responsibility of the client.

It is further understood and agreed that any and all medical bills and/or liens not paid for at this time will be the responsibility of the client.


4/25/2023                                    *Brandon Walker*
_____        _____
Date                                         Brandon Walker
                                             Self




_____        _____
Date                                         Patrick Powell, Esq.


FR- 1077629
April 25, 2023

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

BRANDON WALKER, on behalf of himself,
and others similarly situated,

    Plaintiff,

v.

MORGAN & MORGAN, JACKSONVILLE PLLC
a/k/a MORGAN & MORGAN,
JACKSONVILLE, LLC, and BRAD MILKWICK

    Defendants.

CIVIL ACTION
NO._____CE24-00694_____

STATE OF GEORGIA   )
         )
COUNTY OF LIBERTY  )

### AFFIDAVIT OF BRANDON WALKER

**COMES NOW BRANDON WALKER**, who after being duly sworn before an officer

authorized to administer oaths, states as follows:

1.

I am of legal age and otherwise competent to give this Affidavit.  The facts stated in this

affidavit are to my personal knowledge.

2.

I currently work as a Deputy Sheriff in McIntosh County, Georgia.

3.

On June 21, 2022, I was seriously injured on duty when my police cruiser was rear ended

by a vehicle traveling 114 mph on I-95 as I was performing my normal duties.



4.

I was contacted by the driver's insurance company and was told they were prepared to pay the limits of their coverage but asked if I was represented by a lawyer. At the time, I was not represented.

5.

Following this conversation with the insurance company, I called Morgan & Morgan's 800 number as it is advertised all over South Georgia.

6.

I spoke to a Morgan & Morgan representative who told me that we would get in contact with Patrick Powell in their Brunswick office about my claims.

7.

A representative from Morgan & Morgan's Brunswick's office contacted me a few days later. I was told by this individual, who was not an attorney, that I needed to contact Brad Milkwick for my worker's compensation claim.

8.

I spoke very briefly to Mr. Milkwick who told me I would have to quit my job if I proceeded with a worker's compensation claim.

9.

I told Mr. Milkwick that I loved my job and did not want to quit. After hearing that I was not open to quitting my job as a deputy sheriff, Mr. Milkwick advised me against pursuing a

worker's compensation claim.

10.

At the time, I was receiving treatment for my injuries.  I hoped the treatments would allow me to continue to work once I recovered.

11.

I now understand if I had made a worker's compensation claim those medical costs would have been covered.

12.

Since the accident I have continued to have bad back pain.  My medical providers told me that I will have to have surgery.

13.

When I returned to work, my back pain worsened. I asked my employer, McIntosh County, to help me on pursing further treatment through worker's compensation.  I was put in contact with the worker's compensation agent, who told me that they could not help me at all because the request was "not timely."

14.

With my back pain being so severe, and worsening, and the uncertainties of surgery, I am beginning to question if I can continue in this line of work.

15.

As part of the settlements I reached with Morgan and Morgan to settle claims the insurance claims, I had to pay back over $17,000 for my medical treatments as part of what they described to me as "subrogation interest in group health care."

**FURTHER AFFIANT SAYETH NAUGHT.**

This **20** day of June, 2024.

Brandon Walker

**NOTARY:**

Sworn to and subscribed before me
this **20** of **June**, 2024.



Notary Public

OCTAVIO ARANGO
Notary Public, Georgia
Chatham County
My Commission Expires
October 26, 2025

Control Number : 23095867

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF AUTHORITY

I, **Brad Raffensperger**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

### MORGAN & MORGAN, JACKSONVILLE, LLC
#### a Foreign Limited Liability Company

has been duly formed under the laws of **Florida** and has filed an application meeting the requirements of Georgia law to transact business as a **Foreign Limited Liability Company** in this state.

WHEREFORE, by the authority vested in me as Secretary of State, the above **Foreign Limited Liability Company** is hereby granted, on **04/27/2023**, a certificate of authority to transact business in the State of Georgia as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **05/01/2023**.



Brad Raffensperger
Secretary of State



**EXHIBIT**

**D**

DocuSign Envelope ID: E75DF7D4-624D-4CAE-8260-9F15D022BE82



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr. SE
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817
sos.georgia.gov/corporations

Secretary of State

**2023 APR 27  PM 3: 03**

## APPLICATION FOR CERTIFICATE OF AUTHORITY
## FOR FOREIGN LIMITED LIABILITY COMPANY

SECRETARY OF STATE
CORPORATIONS DIVISION

**IMPORTANT**: Please provide the entity's primary email address when completing this form.

Primary Email Address:     dfricke@whww.com

### NOTICE TO APPLICANT: PRINT PLAINLY OR TYPE REMAINDER OF THIS FORM

| | |
|---|---|
| 1. | MORGAN & MORGAN, JACKSONVILLE, LLC |
| | Name of Limited Liability Company |

Name Reservation Number (Optional)

upon filing

Date business commenced (or proposed) in Georgia  (NOTE:  If date provided here is more than 30 days prior to the effective date of this application, a $500 penalty plus fees must be paid. Penalty is statutory and cannot be waived by Secretary of State.)

2.  J. P. Carolan, III
Name* of Filing Person

329 Park Avenue North, Second Floor          Winter Park          FL          32789
Address          City          State          Zip Code

dfricke@whww.com          407-760-4670
Filer's Email Address          Telephone Number

3.  MORGAN & MORGAN, JACKSONVILLE, PLLC
Name of Limited Liability Company in State or Country of Formation

Florida          August 16, 2005          perpetual
Jurisdiction (Home State or Country)          Date of Formation in Home State or Country          Period of Duration

4.  200 Stephenson Avenue, Suite 200          Savannah          GA          31405
Address of Principal Place of Business          City          State          Zip Code

5.  Registered Agent Solutions, Inc.          orders@rasi.com
Name* of Registered Agent in Georgia          Registered Agent's Email Address

900 Old Roswell Lakes Parkway, Suite 310

Registered Office Street Address in Georgia (post office box or mail drop not acceptable for registered office address)

Roswell          Fulton          GA   30076
City          County          State          Zip Code

6.  Morgan & Morgan Jacksonville Management, Inc., 200 Stephenson Ave #200   Savannah          GA   31405
Manager's Name* & Address (person with substantial responsibility for managing LLC's business activities)          City          State          Zip Code

7.  20 N. Orange Avenue, Suite 1600          Orlando          FL   32801
Address Where Limited Liability Company's Records Are Maintained          City          State          Zip Code

8.  Effective Date: (Choose one) ☒ Upon filing     ☐ Delayed effective date and/or time: _____
(A delayed effective date must be within 90 days of the filing date.)

9.  **NOTICE:** Mail the following items to the Secretary of State at the above address
    (1) This application;
    (2) Fee of $235.00 ($225 filing fee + $10 paper filing service charge) payable to "Secretary of State." Filing fees are non-refundable.

This application is signed by a person duly authorized to sign such instruments by the laws of the jurisdiction under which the foreign limited liability company is organized. The foreign limited liability company undertakes to keep its records at the address shown in #7 above until its registration in Georgia is canceled or withdrawn. The foreign limited liability company, in accordance with Title 14 of the Official Code of Georgia Annotated, appoints the Secretary of State as agent for service of process if no agent has been appointed in Georgia or, if appointed, the agent's authority has been revoked or the agent cannot be found or served by the exercise of reasonable diligence.

*Jason Miller*          April 25, 2023
Signature of Authorized Person          Date

Jason Miller          Authorized Person
Print Name*          Title

* Enter individual's legal name, i.e. first and last name without use of initials or nicknames. Middle names or initials may be included.

**FORM CD 241**
(Rev 10/2019)

GA036 - 10/23/2019 Wolters Kluwer Online













**MORGAN & MORGAN**

### CONTINGENT FEE CONTRACT FOR INJURIES AFTER JULY 1, 1992

The undersigned client, _____ hereby employs **MORGAN & MORGAN JACKSONVILLE, PLLC,** Attorneys, ("The Firm") to represent said client in connection with client's claim against _____, the same arising out of a job related occurrence which took place on or about_____,

In consideration of the legal services to be rendered, client agrees to pay said attorney a contingent fee of twenty-five (25%) percent of any gross amounts recovered. This fee covers legal representation through the initial trial and any appeal necessary. In the event an attorney's fee is awarded by the Court, said fee shall be a credit to the client, thereby reducing any fees otherwise due said attorney. In the event the client terminates the attorney's services, the attorney shall be entitled to place a lien on the file for either 25% of any offers that have been made by any adversary or collateral party or the hours worked at _____ per hour, whichever is greater, and subject to the Board's approval.

This contract is subject to the approval of the State Board of Workers' Compensation, and no fee in excess of $100.00 shall be paid hereunder unless first approved by the Board.

No contract shall be filed with the Board which provides for a fee greater than 25 percent of the recovery of weekly benefits. Any contract with these terms, absent compelling evidence to the contrary, shall be deemed to represent the reasonable fee of the attorney

No party or any party's attorney shall enter into a loan or assignment with a third party creditor which requires repayment from the proceeds of a workers' compensation claim.

Said attorneys are hereby given power of attorney by the undersigned client to deposit any recovery and make reasonable distributions there from. All necessary costs and expenses incurred in the handling of this case shall be borne by the client in the event of a recovery, and said attorney is further authorized to deduct sufficient funds from any recovery to pay expenses, unpaid medical bills, medical reports, etc., prior to making any distribution to said client. I further direct the insurance company to send all of my workers' compensation checks and any settlement or advancement checks to **MORGAN & MORGAN JACKSONVILLE, PLLC.** This notice shall be effective until revoked by me in writing.

If no recovery is made, then no fee shall be payable to said attorneys.

Said attorneys accept employment on the condition that they will first investigate said claim, and if the claim appears to be a recoverable claim, will then proceed to handle same. If, on the other hand, after such investigation, the claim does not appear to be recoverable, then said attorney shall

MMWC_SAV_V08082018



EXHIBIT

F

have the right to rescind this agreement

I understand and agree that The Firm may contact me at any phone number (including mobile, cellular/wireless, or similar devices) or email address I provide at any time, for any lawful purpose. The ways in which The Firm may contact me include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text messaging systems or email. Phone numbers and email addresses I provide include those I give to The Firm, those from which I contact The Firm or which we obtain through other means. I also understand and agree that The Firm may monitor/and or record any of my phone conversations with The Firm representatives.

I provide my consent for the Firm and its attorneys to publish the results of my case including, without  limitation, trial verdicts, arbitration awards, settlement amounts (without disclosing the names of the parties where confidential), and/or fee awards in advertisements and other media.

Said attorneys are authorized by the client to take all actions necessary to protect the client in this matter, including the filing of suit in the name of the client.

DATED: 7/19/2022
_____

Employment in the above matter is accepted under the terms specified.

_____     _Brandon Walker_____
Attorney Signature                            Client Signature

_____     _____
Attorney Printed Name                         Client Printed Name

Attorney Bar No.: _____
Email Address: _____     _____
**Morgan & Morgan Jacksonville, PLLC**       Claimant's State Board No.
25 Bull Street, Suite 400
Savannah, GA  31401                          _____
Main: (912) 443-1000                         Claimant's Address
Fax: (912) 443-1001

## ASSOCIATING ATTORNEY AGREEMENT

I understand and consent to **MORGAN & MORGAN JACKSONVILLE, PLLC** associating in this matter with _____, and that of the applicable fees in this agreement, ___% shall be paid to **MORGAN & MORGAN JACKSONVILLE, PLLC**, and ____% to the associating attorney.

I understand that in no event, however, shall I incur any additional legal fees or charges by virtue of said employment of co-counsel. Co-counsel shall assume the same legal responsibilities to me for the performance of legal services as **MORGAN & MORGAN JACKSONVILLE, PLLC**, and will be available for consultation with me.

The above employment is hereby accepted upon the terms and conditions stated herein.

DATED: _7/19/2022_____

_Brandon Walker_____
CLIENT

_____
**MORGAN & MORGAN JACKSONVILLE, PLLC**

_____
ASSOCIATING ATTORNEY

DocuSign Envelope ID: 990FAE92-D57A-4096-8E2C-619165089F3B

# MORGAN & MORGAN

## AUTHORITY TO REPRESENT

I, the undersigned client, hereby jointly retain MORGAN & MORGAN JACKSONVILLE, PLLC, ("The Firm") as my attorneys to represent me in my meritorious claim against _Melvin Johnson_ or any other person, firm or corporation liable therefore, resulting from an incident that occurred on or about _6/21/22_.

I agree to pay to my attorneys the following fee from the total gross recovery:

(a) 40% of any amount recovered on my behalf;

(b) 5% of any recovery, if an appeal or any post-judgment collection procedures are necessary. Such 5% is in addition to the fee stated above;

(c) In the event that your claim, or any portion thereof, is brought against a defendant or defendants whose liability is governed pursuant to the Federal Tort Claims Act, 28 U.S.C.A. 1346, attorneys' fees are limited to 25% of the total gross recovery as to those defendants;

(d) In the event attorneys' fees are recovered from any adverse party pursuant to any state or federal statute, the attorneys' fee shall be the greater of the court awarded fee or contingency fee stated above.

In the event that a "structured settlement" or periodic payment agreement is reached, I agree that the attorneys' fee shall be computed on the basis of the present value of the structured settlement at the time of the settlement. In determining the present value of the structured settlement, the parties agree to rely upon appropriate accounting methods for determining present value as set forth by actuaries, economists or other experts in the field. Any expense of determining present value shall be considered a cost for the case for which I agree to bear the expense in the event of a recovery. Further, the attorneys' fees, computed on the basis of "present value," are due and payable at the time of any settlement.

I understand that this is a contingent fee contract. **If there is no recovery, there will be no fee owed under the terms of this Authority To Represent**.

I understand that my attorneys may advance court costs and expenses of litigation, the repayment of which is contingent on a recovery unless ordered otherwise by a court of law. I understand that the attorneys will not advance the medical costs for the care and treatment of the injuries sustained as a result of the incident listed above as medical expenses remain at all times my sole responsibility.

I acknowledge that MORGAN & MORGAN will advance the costs of bringing this claim or lawsuit, and that these costs will be deducted from my share of the recovery after the contingent fee has been calculated. I understand and agree that I am only obligated to pay the costs if there is a recovery in this case. Costs shall include, but are not limited to, cash and non-cash expenditures for investigator mileage to and from the initial sign up meeting, court filing fees, medical records

Page 1 of 5

MMPI_SAV_V11142018

DocuSign Envelope ID: 990FAE92-D57A-4096-8E2C-619165089F3B

charges, mediation fees, subpoenas and deposition costs, witness fees, long distance telephone calls, facsimiles, photocopies, postage, in-house printing, travel, parking, investigative services and all other costs necessary for proper performance of legal services, and that such advance costs shall bear interest at rate consistent with the State Bar of Georgia Rules of Professional Conduct. In the event that the Firm withdraws from the case, the Firm reserves the right to be reimbursed for any costs expended if a recovery is made by another Firm.

In the event that a settlement, verdict or judgment includes non- monetary aspects (e.g., restraining orders, injunctions, employment reinstatement) that cannot be readily valued with respect to the agreed upon contingent fee, then I agree to attempt to reach an agreement with the attorneys to value these non-monetary aspects for purposes of determining how the attorneys will be compensated for obtaining that relief for me.

I further agree that should the attorneys and I not be able to agree on any non-monetary aspects of a settlement verdict or award, the attorneys will not be precluded from obtaining, and realizing, their fees on the monetary aspects of the settlement, verdict or award.

Upon receipt by settlement or verdict of any proceeds, the said funds shall be disbursed as follows: First, from the gross proceeds the attorney fee percentage shall be computed and deducted; next, all costs for investigation and prosecution of the case including any and all filing fees, investigation fees, expert witness fees, and other like and similar costs shall be deducted; next, any unpaid medical, hospital, pharmacy, insurance reimbursement or like and similar costs shall be deducted.  The resulting sum shall be net proceeds payable to client.

If all or part of the prior costs have been paid by another source (e.g., insurance or medical coverage), I agree that such source will be reimbursed out of any such proceeds if required by law, policy or agreement.  The attorneys have the authority and authorization to make such disbursements of those funds directly to the doctors, hospitals or other persons concerned as is necessary.

The attorneys are hereby authorized to fully investigate the claims I may have stemming from the above-referenced incident.  If the attorneys decide it is in my best interest to file a lawsuit or other legal proceedings on my behalf, the attorneys have my authority to prepare and prosecute such claims.  If at any time the attorneys decline to investigate or prosecute my claims further, they shall so notify me in a timely fashion and, consistent with applicable ethical rules and obligations, may withdraw from representation under this agreement.

I further agree that the attorneys shall have a lien upon all monies, things or value and other consideration recovered in any claim they prosecute on my behalf.

It is understood and agreed that if either party receives a settlement offer, it will be immediately forwarded to the other.

It is further agreed that if the attorneys negotiate and recommend acceptance of a particular settlement, as offered by a defendant or its agent, and I refuse to accept the settlement, such refusal shall constitute sufficient grounds for the Firm to withdraw from representation and I agree to be indebted to the attorneys for any amount of fees and costs and expenses incurred based upon said offer as recommended.  Should I employ another attorney and discharge the attorneys, I agree to pay to the attorneys an amount of attorney fees based upon the outstanding

MMPI_SAV_V11142018

DocuSign Envelope ID: 990FAE92-D57A-4096-8E2C-619165089F3B

offer of settlement, if any, at the time of termination of the Firm.  I further agree to reimburse the attorneys for all advanced costs immediately upon any termination of the attorneys' employment.

      If at any time I am deemed to be incompetent (or if I am a minor) and if any court rules, statute or other law requires an amendment or novation of this Authority To Represent, then the fees shall be such as may be approved by court or as set forth by statute or rule of laws.

      The attorneys have my authorization and consent to employ any other lawyer(s) as co-counsel, if, in the attorneys discretion, they deem such appointment to be beneficial to the case. I agree that the co-counsel will also have the right to represent me in the prosecution of my claims.  However, the attorneys will have responsibility for paying the co-counsel out of the fees identified above.

      It is understood that I have no other obligation to pay the co-counsel, but that any out-of-pocket expenses incurred by co-counsel shall be considered costs of litigation for which I am responsible.  It is understood that the co-counsel will be available to me for consultation in this matter should I so desire.

      I understand and agree that The Firm may contact me at any phone number (including mobile, cellular/wireless, or similar devices) or email address I provide at any time, for any lawful purpose. The ways in which The Firm may contact me include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text messaging systems or email. Phone numbers and email addresses I provide include those I give to The Firm, those from which I contact The Firm or which we obtain through other means. I also understand and agree that The Firm may monitor/and or record any of my phone conversations with The Firm representatives.

      I provide my consent for the Firm and its attorneys to publish the results of my case including, without  limitation, trial verdicts, arbitration awards, settlement amounts (without disclosing the names of the parties where confidential), and/or fee awards in advertisements and other media.

      By executing this fee agreement I agree that, with one exception, any and all disputes between me and the Firm arising out of this Agreement, The Firm's relationship with me or The Firm's performance of any past, current or future legal services, whether those services are subject of this particular engagement letter or otherwise, will be resolved through a binding arbitration proceeding to be conducted under the auspices of the Commercial Arbitration Rules of the American Arbitration Association in Georgia.  The disputes subject to binding arbitration will include without limitation, disputes regarding attorneys' fees, or costs and those alleging negligence, malpractice, breach of fiduciary duty, fraud or any claim based upon a statute. Both the agreement of the parties to arbitrate all disputes and the results and awards rendered through the arbitration will be final and binding on The Firm and me and may be specifically enforced by legal proceedings. Arbitration will be the sole means of resolving such disputes, and both parties waive their rights to resolve disputes by court proceedings or any other means. The parties have agreed that judgment may be entered on the award of any court of competent jurisdiction in the state of Georgia and, therefore, any award rendered shall be binding. The arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding.  The one exception to my agreement to arbitrate concerns ethical grievances which I may have. Nothing in this agreement limits, in any way, my right to pursue any ethical grievance against The Firm as permitted by applicable law.

MMPI_SAV_V11142018

DocuSign Envelope ID: 990FAE92-D57A-4096-8E2C-619165089F3B

I understand that by agreeing to arbitration as a mechanism to resolve all potential controversies, disputes, or claims between us, I am waiving certain rights, including the right to bring an action in court, the right to a jury trial, the right to broad discovery, and the right to an appeal. I understand that in the context of arbitration, a case is decided by an arbitrator (one or more), not by a judge or a jury. I agree that, in the event of such controversy, dispute, or claim between us, the prevailing party will be entitled to recover from the losing party all costs and expenses he, she, or it incurs in bringing and prosecuting, or defending, the arbitration, including reasonable attorneys' fees and costs.

I have been advised to review this letter carefully to be certain that it accurately sets forth our agreement. In the event that I do not understand anything in this letter, I will let The Firm know so further written explanations can be provided.

**NOTICE: I am aware that this agreement contains provisions requiring arbitration of fee disputes. I am aware that I should consult with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration, I give up (waive) my right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

The above employment is hereby accepted upon the terms and conditions stated herein.

DATED: 7/19/2022 _____

_Brandon Walker_

CLIENT

_Patrick Powell_

MORGAN & MORGAN JACKSONVILLE, PLLC.

MMPI_SAV_V11142018

SUMMONS

# IN THE SUPERIOR/STATE COURT OF ___GLYNN___ COUNTY

## STATE OF GEORGIA

BRANDON WALKER, Individually and on

Behalf of All Others Similarly Situated

_____

PLAINTIFF

VS.

MORGAN & MORGAN, JACKSONVILLE
PLLC,a/k/a Morgan & Morgan
Jacksonville, LLC, and, BRAD MILKWICK

_____

DEFENDANT

CIVIL ACTION
NUMBER  ___CE24-00694___

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

BRAD MILKWICK
106 Pintail Ct
Brunswick, GA 31523

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Brent J. Savage
Savage & Turner, P.C
102 E Liberty St, 8th floor
Savannah, GA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This___21st___day of_____June_____,19_2024_.

Clerk of Superior/State Court

BY___/s/ Juanita Hendricks, Deputy___

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SUMMONS

# IN THE SUPERIOR/STATE COURT OF ____GLYNN____ COUNTY

## STATE OF GEORGIA

BRANDON WALKER, Individually and on

Behalf of All Others Similarly Situated

_____

PLAINTIFF

VS.

MORGAN & MORGAN, JACKSONVILLE

PLLC, a/k/a Morgan & Morgan

Jacksonville, LLC, and, BRAD MILKWICK

_____

DEFENDANT

CIVIL ACTION NUMBER ____CE24-00694____

### SUMMONS

Morgan & Morgan Jacksonville PLLC, a/k/a Morgan & Morgan Jacksonville, LLC
c/o Registered Agent Solutions Inc.
900 Roswell Lakes Parkway, Suite 310
Roswell, GA 30076

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: Brent J. Savage
Savage & Turner, P.C
102 E Liberty St, 8th Floor
Savannah, GA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___21st___ day of ___June___, 19 _2024_.

Clerk of Superior/State Court

BY ___/s/ Juanita Hendricks, Deputy___

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED - JH
GLYNN CO. CLERK'S OFFICE
Filed 6/20/2024 3:28 PM
Accepted 6/21/2024 9:36 AM
CASE # CE24-00694

*Rebecca J Walden*
CLERK SUPERIOR COURT

# IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BRANDON WALKER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | CIVIL ACTION NO. CE24-00694 |
| v. | |
| MORGAN & MORGAN, JACKSONVILLE PLLC, a/k/a Morgan & Morgan Jacksonville, LLC, and BRAD MILKWICK, | JURY TRIAL DEMANDED |
| Defendants. | |

---

## CERTIFICATION UNDER RULE 3.2

Pursuant to Rule 3.2 of the Georgia Uniform Superior Court Rules, I hereby certify that this petition-pleading does not involve substantially the same parties, substantially the same subject matter, or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

This 20th day of June 2024

/s/**Brent J. Savage**
Brent J. Savage
Georgia Bar No. 627450

SAVAGE, TURNER
PINCKNEY, SAVAGE & SPROUSE
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140
bsavage@savagelawfirm.net

FILED - JH
GLYNN CO. CLERK'S OFFICE
Filed 6/20/2024 3:28 PM
Accepted 6/21/2024 9:36 AM
CASE #  CE24-00694

**General Civil and Domestic Relations Case Filing Information Form**

☒ Superior or ☐ State Court of ___GLYNN___ County

*Rebecca J Walden*
CLERK SUPERIOR COURT

| For Clerk Use Only | | |
|---|---|---|
| Date Filed ___06-21-2024___ MM-DD-YYYY | Case Number | ___CE24-00694___ |

**Plaintiff(s)**

WALKER, BRANDON INDIVIDIUALLY and ON BEHALF OF

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| ALL OTHERS SIMILARLY SITUATED | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

MORGAN & MORGAN, JACKSONVILLE PLLC a/k/a

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| MORGAN & MORGAN JACKSONVILLE, LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ___BRENT J. SAVAGE___   **Bar Number** ___627450___   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                       **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

FILED - JA
GLYNN CO. CLERK'S OFFICE
Filed 6/24/2024 12:03 PM
Accepted 6/24/2024 12:34 PM
CASE #  CE24-00694

*Rebecca Walden*
CLERK SUPERIOR COURT

**IN THE SUPERIOR COURT OF GLYNN COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| BRANDON WALKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN & MORGAN, JACKSONVILLE PLLC, a/k/a Morgan & Morgan Jacksonville, LLC, and BRAD MILKWICK,<br><br>Defendants. | CIVIL ACTION NO. CE24-00694<br><br><br>JURY TRIAL DEMANDED |

---

## PLAINTIFF'S APPLICATION FOR SPECIAL APPOINTMENT
## OF PROCESS SERVER

Pursuant to O.C.G.A § 9-11-4(c)(3), Plaintiff BRANDON WALKER,

Individually and on Behalf of All Others Similarly Situated, hereby request that the Court

appoint Richard Poncinie and RGP Attorney Services, LLC, specially to serve the

Summons, Complaint, and the  Certification Under Rule 3.2 in the above-styled action

upon Defendant MORGAN & MORGAN JACKSONVILLE, PLLC a/k/a Morgan &

Morgan Jacksonville, LLC.  Upon information and belief the Defendant MORGAN &

MORGAN JACKSONVILLE, PLLC a/k/a Morgan & Morgan Jacksonville, LLC can be

served with process through its registered agent Registered Agent Solutions, Inc. at the

following address: 900 Roswell Lakes Parkway, Suite 310, Roswell, GA 30076

RGP Attorney Services, LLC is a corporation organized to effect service of

process and neither it nor Mr. Richard Poncinie is a party to this action.  Mr. Poncinie and

RGP Attorney Services, LLC principal office is located at 63 Ayers Ave, NE, Marietta, GA

30060.

  As grounds for this application, Plaintiff shows that this application is made

pursuant to OCGA § 9-11-4(c) stating that the appointment is required properly to effect

service.

  A proposed order for the Court's consideration appointing RGP Attorney Services,

LLC and Richard Poncinie is provided herewith.

  THIS THE 24TH DAY OF JUNE, 2024

      **SAVAGE & TURNER, P.C.**

     By: /s/ ***Brent J. Savage***
       Brent J. Savage
       Georgia Bar No. 627450

102 East Liberty Street, 8th Floor
Post Office Box 10600 (31412)
Savannah Georgia 31401
Phone:  (912) 231-1140
Fax: (912) 232-4212
bsavage@savagelawfirm.net

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BRANDON WALKER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | CIVIL ACTION NO. CE24-00694 |
| v. | |
| MORGAN & MORGAN, JACKSONVILLE PLLC, a/k/a Morgan & Morgan Jacksonville, LLC, and BRAD MILKWICK, | JURY TRIAL DEMANDED |
| Defendants. | |

---

## ORDER APPOINTING SPECIAL PROCESS SERVER

Plaintiff BRANDON WALKER, Individually and on Behalf of All Others

Similarly Situated, have moved the Court for an Order appointing Richard Poncinie and

RGP Attorney Services, LLC specially to serve the Summons, Complaint, and the

Certification Under Rule 3.2 herein on Defendant MORGAN & MORGAN

JACKSONVILLE, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC.  It appears that

Defendant MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & Morgan

Jacksonville, LLC can be served through its registered agent, Registered Agent Solutions,

Inc. at 900 Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.  This address is

located in Roswell, Fulton County, Georgia and that RGP Attorney Services, LLC is a

corporation organized to effect service, and that neither it nor Mr. Poncinie is a party to

this action.

The Court **HEREBY FINDS** that appointment of a special process server is required to properly effect service on Defendant MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC. Accordingly, **IT IS HEREBY ORDERED** that Richard Poncinie and RGP Attorney Services, LLC are hereby appointed to serve the Summons, Complaint, and Certification Under Rule 3.2 herein on MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & morgan Jacksonville, LLC.

This _____ day of June, 2024.


_____
Judge, Superior Court Glynn County, Georgia

Order Prepared By:
Brent J. Savage
Georgia Bar No. 627450
SAVAGE & TURNER, P.C.
102 East Liberty Street, 8th Floor (31401)
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
Fax: (912) 232-4212
lhatcher@savagelawfirm.net

FILED - JA
GLYNN CO. CLERK'S OFFICE
Filed 6/24/2024 4:16 PM
Accepted 6/24/2024 4:29 PM
CASE # CE24-00694

*Rebecca JWalden*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| BRANDON WALKER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | CIVIL ACTION NO. CE24-00694 |
| v. | |
| MORGAN & MORGAN, JACKSONVILLE PLLC, a/k/a Morgan & Morgan Jacksonville, LLC, and BRAD MILKWICK, | JURY TRIAL DEMANDED |
| Defendants. | |

---

## PLAINTIFF'S AMENDED APPLICATION FOR
## SPECIAL APPOINTMENTOF PROCESS SERVER

Pursuant to O.C.G.A § 9-11-4(c)(3), Plaintiff BRANDON WALKER,

Individually and on Behalf of All Others Similarly Situated, hereby request that the Court

appoint Richard Poncinie of RGP Attorney Services, LLC, specially to serve the

Summons, Complaint, and the  Certification Under Rule 3.2 in the above-styled action

upon Defendant MORGAN & MORGAN JACKSONVILLE, PLLC a/k/a Morgan &

Morgan Jacksonville, LLC.  Upon information and belief the Defendant MORGAN &

MORGAN JACKSONVILLE, PLLC a/k/a Morgan & Morgan Jacksonville, LLC can be

served with process through its registered agent Registered Agent Solutions, Inc. at the

following address: 900 Roswell Lakes Parkway, Suite 310, Roswell, GA 30076

Mr. Poncinie is a process server with RGP Attorney Services, LLC and his

principal office is located at 63 Ayers Ave, NE, Marietta, GA 30060.

As grounds for this application, Plaintiff shows that this application is made pursuant to OCGA § 9-11-4(c) stating that the appointment is required properly to effect service.

A proposed order for the Court's consideration appointing Richard Poncinie of RGP Attorney Services, LLC is provided herewith.

THIS THE 24ᵀᴴ DAY OF JUNE, 2024

SAVAGE & TURNER, P.C.

By:    /s/ **_Brent J. Savage_**
        Brent J. Savage
        Georgia Bar No. 627450

102 East Liberty Street, 8th Floor
Post Office Box 10600 (31412)
Savannah Georgia 31401
Phone:  (912) 231-1140
Fax: (912) 232-4212
bsavage@savagelawfirm.net

**IN THE SUPERIOR COURT OF GLYNN COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| BRANDON WALKER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | CIVIL ACTION NO. CE24-00694 |
| v. | |
| MORGAN & MORGAN, JACKSONVILLE PLLC, a/k/a Morgan & Morgan Jacksonville, LLC, and BRAD MILKWICK, | JURY TRIAL DEMANDED |
| Defendants. | |

---

## ORDER APPOINTING SPECIAL PROCESS SERVER

Plaintiff BRANDON WALKER, Individually and on Behalf of All Others

Similarly Situated, have moved the Court for an Order appointing Richard Poncinie of

RGP Attorney Services, LLC specially to serve the Summons, Complaint, and the

Certification Under Rule 3.2 herein on Defendant MORGAN & MORGAN

JACKSONVILLE, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC.  It appears that

Defendant MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & Morgan

Jacksonville, LLC can be served through its registered agent, Registered Agent Solutions,

Inc. at 900 Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.  This address is

located in Roswell, Fulton County, Georgia.  Mr. Poncinie is a process server with RGP

Attorney Services, LLC and neither Mr. Poncinie nor RGP Attorney Services, LLC is a

party to this action.

The Court **HEREBY FINDS** that appointment of a special process server is required to properly effect service on Defendant MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC. Accordingly, **IT IS HEREBY ORDERED** that Richard Poncinie of RGP Attorney Services, LLC is hereby appointed to serve the Summons, Complaint, and Certification Under Rule 3.2 herein on MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC.

This _____ day of June, 2024.

_____
Judge, Superior Court Glynn County, Georgia

Order Prepared By:
Brent J. Savage
Georgia Bar No. 627450
SAVAGE & TURNER, P.C.
102 East Liberty Street, 8th Floor (31401)
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
Fax: (912) 232-4212
lhatcher@savagelawfirm.net

FILED - VM
GLYNN CO. CLERK'S OFFICE
Filed 6/25/2024 3:41 PM
Accepted 6/25/2024 3:43 PM
CASE #  CE24-00694

*Rebecca J Walden*
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BRANDON WALKER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | CIVIL ACTION NO. CE24-00694 |
| v. | |
| MORGAN & MORGAN, JACKSONVILLE PLLC, a/k/a Morgan & Morgan Jacksonville, LLC, and BRAD MILKWICK, | JURY TRIAL DEMANDED |
| Defendants. | |

## ORDER APPOINTING SPECIAL PROCESS SERVER

Plaintiff BRANDON WALKER, Individually and on Behalf of All Others

Similarly Situated, have moved the Court for an Order appointing Richard Poncinie of

RGP Attorney Services, LLC specially to serve the Summons, Complaint, and the

Certification Under Rule 3.2 herein on Defendant MORGAN & MORGAN

JACKSONVILLE, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC.  It appears that

Defendant MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & Morgan

Jacksonville, LLC can be served through its registered agent, Registered Agent Solutions,

Inc. at 900 Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.  This address is

located in Roswell, Fulton County, Georgia.  Mr. Poncinie is a process server with RGP

Attorney Services, LLC and neither Mr. Poncinie nor RGP Attorney Services, LLC is a

party to this action.

The Court **HEREBY FINDS** that appointment of a special process server is required to properly effect service on Defendant MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC. Accordingly, **IT IS HEREBY ORDERED** that Richard Poncinie of RGP Attorney Services, LLC is hereby appointed to serve the Summons, Complaint, and Certification Under Rule 3.2 herein on MORGAN & MORGAN JACKSONVILLE, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC.

**6/25/2024 11:35:20 AM**
This _____ day of June, 2024.

_____
Judge, Superior Court Glynn County, Georgia

Order Prepared By:
Brent J. Savage
Georgia Bar No. 627450
SAVAGE & TURNER, P.C.
102 East Liberty Street, 8th Floor (31401)
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
Fax: (912) 232-4212
lhatcher@savagelawfirm.net

# Case

**Case Number**
CE24-00694

**Description**
Brandon Walkervs.Brad Milkwick, Morgan & Morgan Jacksonville, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC

**Location**
Glynn - Superior Court 5

**Category**
Civil

**Case Type**
Legal Malpratice

**Status**
Active

**Filed Date**
06/20/2024 12:00 AM EDT

**Judge**
Kelley, Stephen D.

# Envelope # 15408690

**Submit Date**
06/25/2024 3:41 PM EDT

**Filing Source**
Odyssey File & Serve

**Filed By**
Pam Woodcock

**Filer Address**
701 H Street Suite 201
Brunswick, Georgia 31520

**Filer Email**
pcole@glynncounty-ga.gov

**Docket Date**
06/25/2024 3:41 PM EDT

**Filing Attorney**

**Firm Name**
Individual

**Firm Phone**
912-554-7372

# Existing Parties

3 Parties

| Party Type | Party Name | Lead Attorney |
|------------|------------|---------------|
| Plaintiff | Brandon Walker | Brent J Savage |
| Defendant | Brad Milkwick | |
| Defendant | Morgan & Morgan Jacksonville, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC | |

# Filings

1 Filing(s)

**Order**

**Status**
Accepted By Court

**Filing Type**
EFileAndServe

**Reference Number**

**Filing Description**
Order Appointing Special Process Server

**Filing Comments**

1/3

Filing Courtesy Copies

Review Date
06/25/2024 3:44 PM EDT

Accept Comments

### Documents

| Component | Document Name | Description | Security | Download Version | Document Size |
|---|---|---|---|---|---|
| Lead Document | Order.pdf | Order.pdf | Civil - Public | Original Transmitted | 578.38 KB 593.73 KB |

### Service

1 Party(s) with Service

| | Search by Party Name | Search by Service Contact | SEARCH | RESET |
|---|---|---|---|---|

Other                                                                 ⌃ 3 Service Contact(s)

| Status | Service Contact Name | Email | Firm Name | Service Method | Date Opened | Log |
|---|---|---|---|---|---|---|
| Served | Casey Harris | charris@glynncounty-ga.gov | Staff Attorney | EServe | Not Opened | View |
| Served | Brent Savage | lhatcher@savagelawfirm.net | Savage Turner & Pinckney | EServe | 06/25/2024 3:53 PM EDT | View |
| Served | Pam Woodcock | pcole@glynncounty-ga.gov | Glynn County District Attorney's Office | EServe | Not Opened | View |

### Parties with no Contacts for Service

3 Party(s) without Service

| | Search by Party Name | SEARCH | RESET |
|---|---|---|---|

| Party Name | Email Address | Address |
|---|---|---|
| Milkwick, Brad | | 106 Pintail Court, Brunswick, Georgia 31523 |
| Morgan & Morgan Jacksonville, PLLC, a/k/a Morgan & Morgan Jacksonville, LLC | | c/o Registered Agent Solutions, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076 |
| Walker, Brandon | | |

## Fees

Description of Fees and Amounts

**Order**
Filing Fee                                                                          $0.00
Filing Total: $0.00

**Total Fees**
Total Filing Fees                                                                   $0.00

Envelope Total: $0.00

**Payment Information**

Payment Account
Judge Kelley

Payment Type
Waiver

Party Responsible for Fees

CLOSE

FILED - JA
GLYNN CO. CLERK'S OFFICE
Filed 6/27/2024 9:15 AM
Accepted 6/27/2024 9:27 AM
CASE #  CE24-00694

*Rebecca J Walden*
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

BRANDON WALKER, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,                CIVIL ACTION NO. CE24-00694

v.

MORGAN & MORGAN,
JACKSONVILLE PLLC, a/k/a Morgan &
Morgan Jacksonville, LLC, and                JURY TRIAL DEMANDED
BRAD MILKWICK,

                         Defendants.

---

## ACKNOWLEDGMENT OF SERVICE
## AND WAIVER OF SUMMONS

COME NOW DEFENDANTS MORGAN & MORGAN JACKSONVILLE, PLLC,

a/k/a Morgan & Morgan Jacksonville, LLC, and BRAD MILKWICK (collectively

"Defendants"), through their undersigned attorneys of record, and effective as of June

26, hereby acknowledge due and legal service of Plaintiff's Complaint filed on June 20,

2024, and waive service of summons for said Complaint. Defendants expressly reserve

any and all rights, objections, arguments and defenses except as to service of process for

the June 20, 2024 Complaint. The undersigned counsel are not agents for receipt of

process for any Defendant except for the limited purpose provided for in this

Acknowledgment and only as to the June 20, 2024 Complaint.

1

This 26th day of June, 2024.

BRADLEY ARANT BOULT CUMMINGS, LLP

William J. Holley, II
Georgia Bar No. 362310
Justin P. Gunter
Georgia Bar No. 969468
*Attorneys for Defendants Morgan & Morgan*
*Jacksonville, PLLC a/k/a Morgan & Morgan*
*Jacksonville, LLC, and Brad Milkwick*

1230 Peachtree Street NE, 20th Floor
Atlanta, GA 30309
(404) 868-2100
bholley@bradley.com
jgunter@bradley.com