# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| BRANDON WALKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN & MORGAN, JACKSONVILLE PLLC, a/k/a MORGAN & MORGAN, JACKSONVILLE LLC, and BRAD MILKWICK, | Civil Action No.: 2:24-cv-088-LGW-BWC |

### PLAINTIFF BRANDON WALKER'S MOTION TO REMAND

COMES NOW Plaintiff Brandon Walker (hereinafter "Plaintiff") and hereby files this Motion to Remand Pursuant to 28 U.S.C. § 1332, showing this honorable Court as follows:

**I.   Introduction**

Plaintiff Brandon Walker, individually and on behalf of all other similarly situated, filed this action for legal malpractice against Morgan & Morgan Jacksonville PLLC (Morgan & Morgan Jax) and Brad Milkwick on in the Superior Court of Glynn County on June 20, 2024. [Doc. 1-1]. Defendants filed their

-1-

Notice of Removal on July 19, 2024 alleging jurisdiction was proper in this Court. [Doc. 1].

The parties agree that the damages sought satisfy the minimal requirement of $5,000,000.00. [Doc. 1 para. 5; Doc. 1-1 para. 37]. The parties also agree that minimal diversity exists as Plaintiff Walker is a citizen of Georgia, "the other putative class '[m]embers are widely dispersed throughout Georgia[,]'" and Morgan & Morgan Jax is a Florida corporation. [Doc. 1 para. 7 (quoting Doc 1-1 para 2)] Additionally, Defendants concede that the Complaint "does not allege that any putative class member resides in any other state[,]" and the entire proposed class is made up of Georgia citizens. [Doc. 1 para. 7].

While these undisputed facts create original jurisdiction under the Class Action Fairness Act, they also require this Court to abstain from hearing the case as it is undisputed that at least two-thirds of the proposed class are citizens of Georgia, Brad Milkwick, a Georgia citizen, is a "significant defendant," and the injuries to the putative class members occurred in Georgia. (See 28 U.S.C. § 1332(4)(a)(I)).

This Court should decline to exercise jurisdiction over this local controversy.

## II. Argument and Citation of Authority

While this Court has jurisdiction over this matter, the Class Action Fairness Act requires district courts to abstain from exercising such jurisdiction over cases that, at their core, are matters of purely local interest. In this case, the entire proposed class is comprised of Georgia citizens who sought legal representation at local Georgia offices of Morgan & Morgan Jax. The only named individual defendant, Brad Milkwick, is an attorney, barred in Georgia, who practices out of the local Savannah office. The proposed class is seeking damages that are uniquely felt in Georgia - negligent legal representation and the wrongful taking of fees by Defendants who could not legally represent class members in the State of Georgia.

### A. Standard for Motion to Remand Pursuant to "Local Controversy" Exception

Pursuant to 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Id.

Moreover, a motion to remand based on the provisions of 28 U.S.C. §

1332(4)(a)(i) is subject to the thirty-day deadline imposed by Section 1447(c) as it is founded in abstention rather than defect.  (See Hunter v. City of Montgomery, 859 F.3d 1329 (11th Cir. 2017). (See also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996), "[an] abstention-based remand order does not fall into either category of remand order described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure.").

The "local controversy" exception to Class Action Fairness Jurisdiction states that "A district court **shall decline** to exercise jurisdiction . . . over a class in which" (1) greater than two thirds of the members of the proposed class are citizens of the State in which the action was filed; (2) at least one defendant, from whom a significant relief is sought, whose alleged conduct forms a significant basis for the claims,  is a citizen of the State in which the action was originally filed; and (3) during the 3-year period preceding the filing there were no other similar class actions filed against the same defendants.  28 U.S.C. § 1332(4)(a).

**B.    All of the Requirements for the "Local Controversy" Exception are Met**

As mentioned above, the parties agree that Plaintiff and all of the proposed class members are citizens "widely dispersed throughout Georgia" the State of Georgia. [Doc. 1 para. 7].  The parties further agree that the allegations of the

Complaint do not contemplate any proposed class members that are citizens of any other state.  Id. (stating that it is not "allege[d] that any putative class member resides in any other state.")  Of import, Plaintiff's intentional pleading to limit class members to citizens of Georgia should not be disregarded by this Court.  (See Cliff v. Savannah Law Sch., LLC, 2018 U.S. Dist. LEXIS 176074 at *4 (S.D. Ga. Oct. 12, 2018, "[i]t is readily apparent that Plaintiff has chosen to limit the proposed class to citizens of this state, and the Court is not at liberty at this stage to reject Plaintiff's class definition and render a different interpretation.") (quoting Gallagher v. Johnson & Johnson Consumer Cos., 169 F. Supp. 3d 598, 604 (D.N.J. 2016)).  Finally, there is no dispute that Defendant Milkwick is a also a citizen of Georgia.

These facts, when undisputed as they are here, have been to found to satisfy the two-thirds in-state citizen requirements.  (See Hunter, 859 F.3d at 1335, "The parties agree that two-thirds or more of the members of the proposed plaintiff classes are citizens of Alabama.  And the Defendants do not contest that the City is a citizen of Alabama . . . That leaves, as the dispositive question, whether [Defendant] is a 'primary defendant' under CAFA.")

While the Hunter Court analyzed the related CAFA exception - the "home state" exception - the test for what constitutes a primary defendant under the "local

controversy" exception is codified in 28 U.S.C. § 1332(4)(a)(i)(II), a defendant:

> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed[.]

Id.

In determining what is "significant relief" under this Code Section, the 11th Circuit has found that the conclusion of what relief is "significant" can be "reached by comparing the relief sought from the local defendant to that sought from foreign defendants." Lemy v. Direct Gen Fin. Co., 559 Fed. Appx. 796, 798 (2014). Here, the exact same relief is sought against both Defendants, making them equally primarily liable. Likewise, Defendant Milkwick's conduct giving rise to this suit is again the exact same as alleged against Defendant Morgan & Morgan Jax in that he represented Plaintiff and proposed class members under an illegal contract, wrongfully collected fees, and breached his standard of care in providing legal representation. There is no doubt that Defendant Milkwick has used these contracts and wrongfully collected fees under them a substantial amount of times.

As the for the final prong to determine significance, there is no dispute

between the parties that Defendant Milkwick is a citizen of Georgia and this action was originally filed in Georgia.

The only remaining inquiry is whether there has been a similar class action filed against these Defendants in the last three years. The undersigned states in his place that after a diligent search for similar lawsuits against these Defendants, or either of them individually, no such cases were found.

### III. Conclusion

The Savannah District Court of the Southern District of Georgia has recently abstained from exercising CAFA jurisdiction under similar circumstances to this case in that the plain language of the complaint precluded CAFA jurisdiction. (See Cliff v. Savannah Law Sch., LLC, 2018 U.S. Dist. LEXIS 176074 at *4 (S.D. Ga. Oct. 12, 2018), "[t]his Court cannot deviate from the unambiguous language text of CAFA or ignore the text of Plaintiffs' Complaint.) In this case, Plaintiff's Complaint plainly sets out a proposed class comprised of Georgia citizens and a primary defendant, Milkwick, who is also a Georgia citizen.

For the reasons contained herein, Plaintiff respectfully requests that this Court remand this action to the Superior Court of Glynn County pursuant to the "local controversy" exception to jurisdiction provided by the Class Action Fairness Act.

Respectfully submitted this 8th day of October, 2024.

                                              */s/ Brent J. Savage*
                                              Brent J. Savage
                                              Georgia Bar No. 627450
                                              James H. Wilson, III
                                              Georgia Bar No. 768450
                                              Matthew R. Bradley
                                              Georgia Bar No. 835095

**SAVAGE, TURNER, PINCKNEY,**
**SAVAGE, & SPROUSE**
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140
lwickline@savagelawfirm.net
shughes@savagelawfirm.net

Nathan T. Williams
Georgia Bar No.: 142417
Paul A. Schofield
Georgia Bar No.: 940700
**WILLIAMS LITIGATION GROUP**
1709 Reynolds Street (31520)
P.O. Box 279
Brunswick, Georgia 31521
(866) 214-7036

Mark A. Tate
Georgia Bar No. 698820
Andrew Zemany
Georgia Bar No. 459060
**TATE LAW GROUP, LLC**
25 Bull Street, Suite 200
Savannah, GA 31401
912-234-3030

912-234-9700 (fax)
marktate@tatelawgroup.com
twells@tatelawgroup.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day filed electronically with the Clerk of the Court the foregoing. By filing in the CM/ECF system, I have thereby served by email all of the parties in this case through the following counsels of record:

Rachel Bramblett
Justin Gunter
**BRADLEY ARANT BOULT CUMMINGS LLP**
rbramblett@bradley.com
jgunter@bradleylaw.com

**THIS THE 8TH DAY OF OCTOBER, 2024.**

**SAVAGE & TURNER, P.C.**

By: */s/ Brent J. Savage*
Brent J. Savage
Georgia Bar No. 627450

102 E. Liberty Street, 8th Floor (31401)
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140 (T)
lwickline@savagelawfirm.net