# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BRANDON WALKER, individually
and on behalf of all others
similarly situated,

     Plaintiff,

     v.

MORGAN & MORGAN, JACKSONVILLE
PLLC a/k/a Morgan & Morgan,
Jacksonville LLC and BRAD
MILKWICK,

     Defendants.

CV 224—088

## ORDER

Before the Court is Plaintiff's motion to remand. Dkt. No. 32. The motion has been fully briefed and is ripe for review. See Dkt. Nos. 33 at 9-12, 34, 37.

## BACKGROUND

After being injured in a motor vehicle accident while working as a sheriff's deputy in McIntosh County, Georgia, Plaintiff Brandon Walker entered into a representation agreement with the law firm of Morgan & Morgan, Jacksonville PLLC ("Morgan & Morgan") to represent his interests regarding the accident. Dkt. No. 1-1 ¶¶ 9, 11; Id. at 20. When Plaintiff contacted Morgan & Morgan, he was told his case would be handled out of the Brunswick, Georgia, office. Dkt. No. 1-1 ¶ 12. However, Plaintiff was also told that Defendant Brad Milkwick in the

Savannah, Georgia, office would handle his worker's compensation claim. Id. ¶ 14. Defendant Milkwick did not file a worker's compensation notice, which led to Plaintiff's group health insurance carrier paying Plaintiff's medical bills from the accident. Id. ¶¶ 15, 16. The group health insurance carrier asserted a right for subrogation reimbursement of the claims paid, and Morgan & Morgan paid the reimbursement of $17,318.78 out of the $25,000.00 Plaintiff received from the at-fault driver's insurance company. Id. ¶¶ 16, 20; Id. at 33. Plaintiff further claims Morgan & Morgan exposed him to hundreds of thousands of dollars in future medical bills. Id. ¶ 17. Plaintiff also asserts that Morgan & Morgan failed to explore other possible sources of compensation for Plaintiff's injuries. Id. ¶ 19.

Plaintiff filed this lawsuit, a putative class action, against Morgan & Morgan and Mr. Milkwick on June 20, 2024 in the Superior Court of Glynn County, Georgia. Id. at 3. In the complaint, Plaintiff asserts that, at the time Plaintiff retained Morgan & Morgan to represent him, the firm "was not qualified or registered to do business in Georgia in violation of O.C.G.A. § 14-11-711," and, "[t]herefore, the collection of any fees and expenses contemplated in the unenforceable fee contract was wrongful, and Plaintiff is entitled to the return of such money taken by [Morgan & Morgan]." Id. ¶ 21. Plaintiff brings claims against Morgan & Morgan and Mr. Milkwick for

professional negligence (Count I), breach of fiduciary duty (Count II), disgorgement of fees (Count III), declaratory and injunctive relief (Count III),[1] punitive damages (Count IV), and attorney's fees and costs of litigation (Count V). Id. at 14-17.

Defendants removed the case to this Court, basing subject matter jurisdiction on the Class Action Fairness Act ("CAFA"), and moved to compel arbitration. Dkt. Nos. 1, 8. The Court found that the arbitration provision in the representation agreement was enforceable and granted the motion, staying these proceedings until the arbitration's completion. Dkt. No. 31. The same day the Order was entered, Plaintiff moved to remand this action to the state court from which it was removed. Dkt. No. 32. Plaintiff argues the Court must abstain from exercising jurisdiction over this case due to the local controversy exception contained in CAFA. Id.

## LEGAL AUTHORITY

"'[P]laintiffs bear the burden of establishing that they fall within CAFA's local controversy exception.'" Simring v. GreenSky, LLC, 29 F.4th 1262, 1267 (11th Cir. 2022) (quoting Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006)). "That exception is a 'narrow one, with all doubts resolved "in favor of exercising jurisdiction over the case."'"

---

[1] The complaint contains two causes of action labeled "Count III."

Id. (quoting Evans, 449 F.3d at 1163 (quoting S. Rep. No. 109-14 at 42, 2005 U.S.C.C.A.N. 3, 40)).

## DISCUSSION

The local controversy exception provides:

A district court shall decline to exercise jurisdiction . . .

   (i) over a class action in which—

       (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

       (II) at least 1 defendant is a defendant--

          (aa) from whom significant relief is sought by members of the plaintiff class;

          (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

          (cc) who is a citizen of the State in which the action was originally filed; and

       (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

   (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons

28 U.S.C. § 1332(d)(4)(A). In their opposition brief to Plaintiff's motion to remand, Defendants argue, among other

4

things, that Plaintiff has failed to show (1) a "significant defendant" is a resident of Georgia, § 1332(d)(4)(A)(i)(II)(aa)-(bb), and (2) "greater than two-thirds" of the proposed class are Georgia citizens, § 1332(d)(4)(A)(i)(I).  Dkt. No. 34 at 2.

## I.  Significant Defendant

The parties agree that Defendant Milkwick is the only defendant who is a citizen of Georgia, the state in which Plaintiff initiated this action.  § 1332(d)(4)(A)(i)(II)(cc). The parties dispute, however, whether Mr. Milkwick is a significant defendant.  Defendants contend a "'significant defendant' is a defendant whose alleged conduct forms a significant basis for the claims asserted by the proposed class."  Dkt. No. 34 at 2.  Defendants argue "the Complaint alleges no claim by any putative class member based on [Mr. Milkwick's] alleged conduct—much less that his conduct forms a 'significant basis' for the class claims."  Id.

Plaintiff presents no evidence and instead relies on argument and the complaint to establish that Mr. Milkwick's conduct "forms a significant basis" for the putative plaintiffs' claims.  The Court looks to the complaint to determine *what* the putative plaintiffs' claims are.

Questions of law and/or fact common to all members of the Class, include, inter alia:

(a) whether Morgan & Morgan Jax could bring claims (actions) or lawsuits on a contingent basis where it was prohibited from doing so by way of failing to register with the Georgia Secretary of State;

(b) Whether Morgan & Morgan Jax, with it bringing claims, actions and/or lawsuits on behalf of [Plaintiff] and the putative class, is doing so improperly, since it has a contingent interest in the claim and, therefore, is bringing the claims on behalf of itself, in part;

(c) whether, as a result, Plaintiff and the Class are entitled to an award of compensatory damages;

(d) whether, as a result, Plaintiff and the Class are entitled to an award of punitive damages;

(e) whether Plaintiff and the Class are entitled to declaratory, injunctive, or other equitable relief compelling Morgan & Morgan Jax to disgorge the improperly collected fees and any improperly collected expenses.

Dkt. No. 1-1 ¶ 31. As is evident, these common questions of law and fact are directed at Morgan & Morgan. The complaint offers no insight into whether Mr. Milkwick played a significant role—as opposed to a lesser role, or even a minimal role—in entering into representation contracts in Georgia or collecting resulting fees. While Plaintiff argues in his remand motion that "[t]here is no doubt [] Defendant Milkwick has used these contracts and wrongfully collected fees under them a substantial amount of times," dkt. no. 32 at 4, saying something is substantial does not make it so. Plaintiff provides no numbers or even estimates to allow the Court to assess "how many members of the class were harmed by [Mr. Milkwick's] actions" or to compare "the relief sought between [Mr. Milkwick and Morgan & Morgan] and each defendant's ability to pay a potential judgment." Evans, 449 F.3d at 1167 ("[W]hether a putative class seeks significant

6

relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." (quoting <u>Robinson v. Cheetah Transp.</u>, No. No. Civ.A. 06-0005, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006))).

The factual allegations in the complaint involving Mr. Milkwick are only that he gave Plaintiff legal advice regarding his worker's compensation claim that breached the standard of care. Dkt. No. 1-1 ¶¶ 15, 16. No allegations in the complaint indicate that a significant number or percentage of putative class members may have claims against Mr. Milkwick, or indeed that any plaintiff other than Plaintiff Walker has such a claim. "In short, there is simply no evidence that [Mr. Milkwick] was 'significant' with respect to liability." <u>Evans</u>, 449 F.3d at 1167.

"Th[e local controversy] exception is a 'narrow one, with all doubts resolved "in favor of exercising jurisdiction over the case."'" <u>Simring</u>, 29 F.4th at 1267 (quoting <u>Evans</u>, 449 F.3d at 1163 (quoting S. Rep. No. 109-14 at 42, 2005 U.S.C.C.A.N. 3, 40)). The limited facts before the Court are not sufficient to show that Mr. Milkwick—the only Georgia defendant—is a significant defendant. Therefore, Plaintiff has not met his

burden of establishing that this case falls within CAFA's local controversy exception.  Id.

## II. Citizenship of Two-thirds of the Putative Class Members

Plaintiff also fails to show that two-thirds of the putative class members are citizens of Georgia. § 1332(d)(4)(A)(i)(I).  Defendants argue "Plaintiff produces no evidence of the proposed class's citizenship," dkt. no 34 at 3, and "Plaintiff's class definition contains no reference to citizenship and did not expressly limit the proposed class to Georgia citizens," id. at 12.  Plaintiff argues "[t]he proposed class is seeking damages that are uniquely felt in Georgia-negligent legal representation and the wrongful taking of fees by Defendants who could not legally represent class members in the State of Georgia."  Dkt. No. 32 at 3.

"Class action plaintiffs can prove that two-thirds of the putative class are citizens of a certain state in two ways." Smith v. Marcus & Millichap, Inc., 991 F.3d 1145, 1156 (11th Cir. 2021).  "The first way, as our sister circuits have recognized, is to limit the class definition to citizens of a certain state."  Id. (citing In re Hannaford Bros. Co. Customer Data Sec. Breach Litig., 564 F.3d 75, 77, 81 (1st Cir. 2009) (recognizing that defining class to exclude "any persons and entities who are not citizens of the State of Florida" defeated federal jurisdiction under CAFA pursuant to the local

controversy exception); <u>Johnson v. Advance Am.</u>, 549 F.3d 932, 937–38 (4th Cir. 2008) (recognizing plaintiffs had "taken care" to avoid federal jurisdiction under CAFA by limiting the class to South Carolina citizens); <u>In re Sprint Nextel Corp.</u>, 593 F.3d 669, 676 (7th Cir. 2010) (observing that if the plaintiffs had "defined their class as all Kansas *citizens* who purchased text messaging from Sprint Nextel or an alleged coconspirator" instead of Kansas *residents*, "the plaintiffs could have guaranteed that the suit would remain in state court" (first emphasis in original))). The second way for a plaintiff to prove that two-thirds of the putative class are citizens of a certain state is to "provide evidence of the class members' state of residence as well as evidence showing their intent to remain in that state." <u>Id.</u> at 1157 (citing <u>Evans</u>, 449 F.3d at 1165; <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.")). "[C]ourts look to various factors in determining a person's intent to remain in a state, including property or business ownership, where the plaintiffs pay taxes and are registered to vote, and sworn statements of intent to remain[;] [a]ll of these forms of evidence relate directly to the parties asserting citizenship." <u>Id.</u>

Plaintiff presents no evidence of the putative class members' physical presence in Georgia or their intent to remain

there.  Thus, the only way for Plaintiff to show that two-thirds of the putative class are citizens of Georgia is to limit the class definition to citizens of Georgia.  Id. at 1156.  Here, the class definition contained in the complaint does not establish the citizenship of the class members for purposes of CAFA's local controversy exception.  Plaintiff defines the class of individuals as those who:

> (a)  *entered into a contract of representation in Georgia* with Defendant Morgan & Morgan Jax prior to Defendant registering with the Georgia Secretary of State on April 27, 2023;
>
> (b)  were represented by Defendant Morgan & Morgan Jax in litigation and/or prelitigation processes, including but not limited to settlement discussions;
>
> (c)  had their case(s) resolved prior to or on the date of the class certification; and
>
> (d)  paid Defendant Morgan & Morgan Jax's legal expenses and fees in relation to their case(s).

Dkt. No. 1-1 ¶ 25 (emphasis added).  Plaintiff limits the class to those who entered into a contract in Georgia, not to Georgia citizens.  An individual could easily be from a state other than Georgia and, for example, be involved in a car accident in Georgia and retain Morgan & Morgan by signing a representation agreement in Georgia.  "[T]his class definition does not establish that the class is made up [of two-thirds Georgia] citizens—meaning individuals who currently reside in [Georgia] and have an intent to remain."  Smith, 991 F.3d at 1157 (finding that the class definition of those "who resided in" the state

within the past four years does not meet CAFA's citizenship requirement because "residency does not equate to citizenship"). The Eleventh Circuit has held that "only the class definition itself—not other portions of the complaint—can restrict the scope of a class for purposes of . . . establishing the two-thirds requirement." Simring, 29 F.4th at 1267 (citing Smith, 991 F.3d at 1156–57 (determining the citizenship of the class members by looking to "the class definition on its face")). Even if the Court looks to other portions of the complaint, CAFA's two-thirds citizenship requirement is not met. See, e.g., Dkt. No. 1-1 ¶ 1 (Plaintiff "seeks to represent the former clients of Defendant Morgan & Morgan . . . who signed representation agreements with the entity, pursued legal actions with Defendant Morgan & Morgan . . . as counsel, and Morgan & Morgan . . . were paid fees and expenses for legal services under their fee contracts."); id. ¶ 28 ("Members are widely dispersed throughout Georgia.").

"Because the local controversy exception is a narrow one, we must resolve any doubts against this exception to CAFA." Simring, 29 F.4th at 1268 (citing Evans, 449 F.3d at 1163). Here, Plaintiff has presented no evidence to support the citizenship of the putative class, and Plaintiff has defined the class without regard to the members' citizenship. Accordingly, the Court finds Plaintiff has not met his burden to show that two-thirds of the putative class members are Georgia citizens.

Id. (comparing Smith, 991 F.3d at 1159 ("With only generalized data and no specific facts to support the citizenship of any member of the putative class, doubts abound in this case. As the plaintiffs' evidence fails to prove citizenship of any member of the class, it fails to establish more than two-thirds of the class are Florida citizens.")).  Therefore, Plaintiff has not met his burden of establishing that this case falls within CAFA's local controversy exception.  Id.

**CONCLUSION**

Plaintiff has failed to show that Defendant Milkwick, the only defendant who is a citizen of Georgia, is a significant defendant, and Plaintiff has failed to show that two-thirds of the putative class members are citizens of Georgia.  Plaintiff has, therefore, failed to meet his burden of establishing that this case falls within CAFA's local controversy exception. Accordingly, Plaintiff's motion to remand this case to state court based on the local controversy exception, dkt. no. 32, is **DENIED.**

**SO ORDERED**, this 28th day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA