# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| BRANDON WALKER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MORGAN & MORGAN, JACKSONVILLE PLLC a/k/a Morgan & Morgan, Jacksonville LLC and BRAD MILKWICK,<br><br>    Defendants. | CV 224—088 |

## ORDER

Before the Court is Plaintiff's motion for reconsideration of the Court's Order compelling arbitration of this matter.[1] Dkt. No. 33. Defendants have responded in opposition, and the motion is ripe for review. See Dkt. No. 36.

## BACKGROUND

After being injured in a motor vehicle accident, Plaintiff Brandon Walker entered into a representation agreement with the law firm of Morgan & Morgan, Jacksonville PLLC ("Morgan & Morgan") to represent his interests regarding the accident. Dkt. No. 1-1 ¶¶ 9, 11; Id. at 20. Plaintiff alleges Morgan &

---

[1] In the motion, Plaintiff also argues that the Court should decline jurisdiction over this matter pursuant to the local controversy exception contained in the Class Action Fairness Act. See Dkt. No. 33 at 9-12. Plaintiff has filed a separate motion requesting such relief, dkt. no. 32, and the Court addresses that motion in a separate Order.

Morgan and one of its attorneys, Brad Milkwick, mishandled his case. See generally Dkt. No. 1-1. Plaintiff filed this lawsuit, a putative class action, against Morgan & Morgan and Mr. Milkwick on June 20, 2024 in the Superior Court of Glynn County, Georgia. Id. at 3. In the complaint, Plaintiff asserts that, at the time Plaintiff retained Morgan & Morgan to represent him, the firm "was not qualified or registered to do business in Georgia in violation of O.C.G.A. § 14-11-711," and, "[t]herefore, the collection of any fees and expenses contemplated in the unenforceable fee contract was wrongful, and Plaintiff is entitled to the return of such money taken by [Morgan & Morgan]." Id. ¶ 21. Plaintiff brings claims against Morgan & Morgan and Mr. Milkwick for professional negligence (Count I), breach of fiduciary duty (Count II), disgorgement of fees (Count III), declaratory and injunctive relief (Count III),[2] punitive damages (Count IV), and attorney's fees and costs of litigation (Count V). Id. at 14-17.

Defendants removed the case to this Court and moved to compel arbitration. Dkt. Nos. 1, 8. The Court found that the arbitration provision in the representation agreement was enforceable and granted the motion, staying these proceedings until the arbitration's completion. Dkt. No. 31. Plaintiff has moved the Court to reconsider that Order. Dkt. No. 33.

---

[2] The complaint contains two causes of action labeled "Count III."

**LEGAL AUTHORITY**

"Reconsideration of a prior order is an extraordinary remedy, and should be employed sparingly." Wallace v. Ga. Dep't of Transp., No. 7:04-cv-78, 2006 WL 1431589, at *5 (M.D. Ga. May 23, 2006) (citation omitted). "A movant must 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Smith ex rel. Smith v. Augusta-Richmond Cnty., No. 1:10-CV-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993)). Specifically, reconsideration is proper only if there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Williams v. Bd. of Regents of the Univ. Sys. of Ga., No. 1:20-CV-100, 2023 WL 5928164, at *2 (S.D. Ga. Aug. 8, 2023) (quoting Schiefer v. United States, No. 2:06-CV-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" Murray v. ILG Techs., LLC, No. 4:18-CV-110, 2019 WL 498849, at *1 (S.D. Ga. Feb. 8, 2019) (internal quotation marks and citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1239 (11th Cir. 1985). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555

3

F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were previously available, but not pressed." Id. (internal quotation marks omitted) (quoting Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998)). Whether to grant a motion for reconsideration is within the sound discretion of the district court. See id. ("A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration." (citation omitted)).

## DISCUSSION

In his motion for reconsideration of the Court's Order compelling arbitration, Plaintiff does not argue an intervening change in controlling law or the availability of new evidence mandates a different result. Williams, 2023 WL 5928164, at *2. Instead, he argues "the need to correct clear error or prevent manifest injustice." Id. Specifically, Plaintiff argues the Court "never addressed . . . that Morgan & Morgan Jax is on record as stating that arbitration agreements are for 'corporate bullies,'"; "never addressed" that the representation agreement "was *void ab initio*" because "Morgan & Morgan Jax contracted to do illegal acts repeatedly and profited from these illegal endeavors"; and overlooked that "informed consent is required in the context of attorney-client contracts." Dkt. No. 33 at 1-2, 4-7, 8.

4

### I. "Corporate Bullies"

Plaintiff argues the Court overlooked Morgan & Morgan's advertising "stating that arbitration agreements are for 'corporate bullies.'" Dkt. No. 33 at 2; see also Dkt. No. 19 at 2 (Morgan & Morgan article on "Mass Arbitration Lawsuits" stating, "These companies might think arbitration is just 'business as usual,' but we think it's bullying."). While the Court's Order granting Defendants' motion to compel arbitration indeed did not mention this advertising, that was purposeful.

"Arbitration in Georgia is a matter of contract. As such, the construction of an arbitration clause in a contract is subject to the ordinary rules of contract construction." SCSJ Enters. v. Hansen & Hansen Enters., 734 S.E.2d 214, 218 (Ga. Ct. App. 2012) (citation and punctuation omitted). "Under the decisions of [the Eleventh Circuit] and the laws of Georgia, extrinsic evidence," like the advertisement, "is not admissible to contradict the terms of an unambiguous contract." Stewart v. KHD Deutz of Am., Corp., 980 F.2d 698, 702 (11th Cir. 1993). Here, there was no need to look to extrinsic evidence to interpret the arbitration provision. Further, the Court found that the agreement to arbitrate was neither against public policy nor substantively or procedurally unconscionable. Dkt. No. 31. Plaintiff's motion for reconsideration on this ground is **DENIED**.

### II. *Void Ab Initio*

Plaintiff next argues the Court "overlooked" subsection (a) of O.C.G.A. § 14-11-711 when it found that Morgan & Morgan's failure to register to do business in Georgia did not impair its ability to contract with Plaintiff. Dkt. No. 33 at 5. That provision states, "A foreign limited liability company transacting business in this state may not maintain an action, suit, or proceeding in a court of this state until it is authorized to transact business in this state." § 14-11-711(a). Plaintiff argues the representation agreement "is void because it is a contract to do an illegal thing, i.e. represent clients in maintaining actions, suits, or proceedings in Georgia without registering with the State." Dkt. No. 33 at 5 (emphasis removed).

Plaintiff did not make this argument in its response or surresponse to Defendants' motion to compel arbitration. Dkt. Nos. 19, 28. "A motion for reconsideration cannot be used to . . . 'raise argument . . . that could have been raised prior to the entry of judgment.'" Wilchombe, 555 F.3d at 957. Plaintiff's argument is therefore improper. Further, Plaintiff's argument ignores the Court's holding that "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." Dkt. No. 31 at 7 (quoting Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 70 (2010)). Plaintiff's motion for reconsideration on this ground is **DENIED**.

6

### III. Informed Consent

Finally, Plaintiff argues "that if the attorney(s) did not obtain informed consent in compliance with [Georgia Rule of Professional Conduct] 1.4(b), the contract [to arbitrate] would indeed be void as against public policy." Dkt. No. 33 at 8 (citing Innovative Images, LLC v. Summerville, 848 S.E.2d 75 (2020)).

Plaintiff raised the same argument in its response to Defendants' motion to compel arbitration, dkt. no. 19 at 7, and the Court addressed it, dkt. no. 31 at 10. "A motion for reconsideration cannot be used to 'relitigate old matters. . . .'" Wilchombe, 555 F.3d at 957. Plaintiff's argument is therefore improper. Further, Plaintiff misrepresents the holding of Innovative Images. There, the Georgia Supreme Court held that "a contract is void as against public policy when the agreement itself effectuates illegality," that is, "no change in the *process* of entering into such an agreement will render it legal and fully enforceable." 848 S.E.2d at 82. Plaintiff argues that the arbitration agreement is invalid in the absence of informed consent and that the arbitration provision *would* be lawful if Morgan & Morgan *had* obtained informed consent—a change in the *process* of entering into an agreement. Dkt. No. 33 at 8. If a "change in the *process* of entering into [an agreement to arbitrate] will render it legal and fully enforceable," then it is not void as against

7

public policy. <u>Innovative Images</u>, 848 S.E.2d at 82. Finally, the Georgia Court of Appeals has rejected Plaintiff's informed consent argument in a similar case involving Morgan & Morgan. <u>Morgan & Morgan Atlanta, PLLC v. Brown</u>, 908 S.E.2d 727, 736 (Ga. Ct. App. 2024) ("[T]he fact that [the plaintiff] did not meet with an attorney before or at the time he signed the agreement did not—either alone or when considered along with other identified circumstances—render the arbitration agreement unconscionable."). Plaintiff's motion for reconsideration on this ground is **DENIED.**

## CONCLUSION

Plaintiff's motion for reconsideration, dkt. no. 33, is **DENIED**. The Court reaffirms its prior Order, dkt. no. 31, and this case remains **STAYED** and **ADMINISTRATIVELY CLOSED** pending the completion of the alternative dispute resolution process.

**SO ORDERED**, this 28th day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA