# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| BRANDON WALKER, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MORGAN & MORGAN, JACKSONVILLE PLLC a/k/a Morgan & Morgan, Jacksonville LLC and BRAD MILKWICK,<br><br>　　Defendants. | CV 224-088 |

### ORDER

Before the Court is Plaintiff's petition for a certificate of immediate review, filed pursuant to 28 U.S.C. § 1292(b). Dkt. No. 40. That subsection provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

§ 1292(b).

Plaintiff seeks to appeal, it appears, the Court's last three Orders: 1) an Order granting Defendants' motion to compel arbitration, dkt. no. 31, dated October 9, 2024; 2) an Order denying Plaintiff's motion to remand, dkt. no. 32, dated January 28, 2025; and 3) an Order denying Plaintiff's motion for reconsideration, dkt. no. 39, dated January 28, 2025. See Dkt. No. 40 at 2. Plaintiff argues these Orders "involve controlling questions of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the orders may materially advance this litigation." Id. Through the motion, Plaintiff seeks to avoid having "to bear the heavy financial burdens of arbitration or forego his right to seek relief for his injuries and damages." Id.

"In order to merit interlocutory review, therefore, a *movant must point to*: (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation." Cardona v. Gen. Motors Corp., 939 F. Supp. 351, 353 (D.N.J. 1996) (emphasis added). "In evaluating these factors, 'the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge.'" Id. (quoting Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983); citing United States v. Grand Trunk Western R.R., 95 F.R.D. 463, 471 (W.D.

2

Mich. 1981) (denying certification because the moving party "merely questions the correctness" of the court's ruling)).

Here, Plaintiff as the movant has not pointed to a controlling question of law about which there is substantial ground for difference of opinion. See Dkt. No. 40. Indeed, Plaintiff merely recites § 1292's elements without identifying the issues he believes merit a certificate of immediate review. Accordingly, Plaintiff's motion for a certificate of immediate review, dkt. no. 40, is **DENIED**.

**SO ORDERED**, this \_\_11\_\_ day of February, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3